INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. L. R. DIXON.

Decided March 11, 1908.

**Railroads—Fencing Right of Way—Injury to Live Stock—Statute Construed.**

The right-of-way fence of a railroad company was defective (or the gates placed therein by the railroad company); certain live stock of an adjacent landowner strayed through the fence or gate into and upon the right of way, and, becoming frightened at an approaching train, ran along the track and fell into a bridge on the track and were injured; they were not struck by the locomotive or any part of the train. Held, that the railroad company was liable at common law because of its negligence in failing to keep the fence or gates in repair. Article 4528, Revised Statutes, construed.

Appeal from the County Court of Hays County. Tried below before Hon. Ed. R. Kone.

*R. E. McKie,* for appellant.—A railroad company is not liable for injuries to animals caused by said animals becoming frightened at a properly operated train. But is only liable for injuries caused by

actual collision with the engine or cars running over the track, or by negligence in handling the train. The alleged negligence of appellant in failing to provide a sufficient latch for its gate, in its right-of-way fence, is not sufficient, if admitted, to show liability for injuries caused by animals becoming frightened at a train. Article 4528, Sayles' Texas Civil Statutes; Railway Co. v. Hughes, 68 Texas, 290; Railway Co. v. Felton, 4 App. C. C., sec. 39; Railway Co. v. Harris, 3 App. C. C., sec. 224; Railway Co. v. Ritter, 4 App., C. C., sec. 148.

Proof by plaintiff that his animals went upon defendant's right of way by reason of a defective fastening or latch on a gate in the right-of-way fence, and were frightened by a passing train and ran into a bridge and were thereby injured, is not such proof as would make defendant legally liable for such injuries, and in the absence of proof of negligence of the train operatives, or actual collision with engine or cars, such evidence would not support a verdict or judgment for plaintiff, and the court should have, on motion of defendant, instructed a verdict for defendant. Railway Co. v. Hughes, 68 Texas, 290; Railway Co. v. Felton, 4 Apps., C. C., sec. 39; Railway Co. v. Harris, 3 App., C. C., sec. 224; Railway Co. v. Ritter, 16 S. W., 909; Railway Co. v. Mitchell, 17 S. W., 1079; Railroad Co. v. Hasket, 10 Indiana, 409; Railway Co. v. Smith, 58 Indiana, 575; Lafferty v. Railroad Co., 44 Missouri, 291; Shertz v. Railway Co., 15 Am-Eng. Ry. Cases, 252.

The absence of a right-of-way fence would not make defendant liable where the testimony showed that the animals were not struck by the engine or cars of defendant, but were frightened by a train operated in a careful and proper manner, which fright caused the injury. Railway Co. v. Hughes, 68 Texas, 290; Railway Co. v. Felton, 4 Apps., C. C., sec. 39; Railway Co. v. Harris, 3 App., C. C., 224; Railway Co. v. Ritter, 16 S. W., 909; Beaumont Pasture Co. v. Railway Co., 41 S. W., 190; Railway Co. v. Mitchell, 17 S. W., 1079.

*O. T. Brown,* for appellee.—When appellant fenced its right of way and put the gate there, it assumed the duty of providing and maintaining suitable and effective fastenings for the gate; and if it negligently failed to do so, and if such negligence was the proximate cause of the injuries to appellee's property, it was liable to him in damages. Forth Worth & R. G. Ry. Co. v. Hickox, 103 S. W., 202; Missouri, K. & T. Ry. Co. of Texas v. Dunnaway, 95 S. W., 760.; Cole v. St. L. S. W. Ry. Co. of Texas, 94 S. W., 1128; Gulf, C. & S. F. Ry. Co. v. Hughes.

Since this suit is not based upon article 4528, Revised Statutes of Texas, but is a suit at common law, to recover on the ground of defendant's negligence, then, if defendant was negligent, as alleged, in respect to the gate fastenings, and if that negligence was the proximate cause of the injuries, plaintiff is entitled to recover, whether the animals were struck by the train or not, and whether the trainmen were negligent or not. International & G. N. R. R. Co. v. Hughes, 68 Texas, 292; Houston & T. C. Ry. Co. v. Harris, 3 Texas App. Civ., sec. 284; Cole v. St. L. S. W. Ry. Co. of Texas, 94 S. W., 1128; Shippers Compress & Warehouse Co. v. Davidson, 80 S. W., 1032;

Texas & P. Ry. Co. v. Bigham, 90 Texas, 225; Earl v. Railway Co., 106 S. W., 675.

FISHER, CHIEF JUSTICE.—This is a suit by Dixon against the Railway Company to recover damages on account of injury sustained to two of his horses by reason of the alleged negligence of the Railway Company. He recovered judgment in the court below, from which the Railway Company has appealed.

The facts upon which the plaintiff bases his recovery are substantially as follows: The plaintiff owned a field adjoining appellant's right of way. The appellant's right of way on both sides of the track was fenced. There were gates in the right of way fence on each side of the track. These gates were used by the appellee and others in passing to and fro over and across the right of way. The animals in question escaped from the appellee's field through the gate in the right of way fence separating appellee's field from the right of way. There is evidence to the effect that that gate was placed there by the Railway Company, and it assumed the duty of keeping it in proper condition and repair; and the gate, for the purposes of this suit, is treated by the appellant as a part of its right of way fence. Appellant permitted the latch or fastening of the gate to become defective and out of repair, and negligently failed to remedy the defect and to keep the gate closed, and it is on account of this negligence that the plaintiff bases his cause of action. After the animals had gone upon the track they were discovered by the engineer of an approaching train, and became frightened and ran down the track, in front of the train, and fell into a bridge. They were not struck by the locomotive or any of the cars constituting the train. After they fell into the bridge the train was stopped and the engineer and other servants of appellant in charge of the train, removed the animals from the bridge. As a result of the fall in the bridge they sustained certain injuries, and it is for the damages arising from these injuries that the plaintiff sues.

There is only one question which we deem important to consider; in fact, as we construe appellant's brief, it only raises one question which calls for a determination by this Court. It is the contention of the appellant that as the animals were not struck by the locomotive or any part of the train, the plaintiff was not entitled to recover. In opposition to this the plaintiff asserts the liability of the appellant on account of its negligence by reason of the defective condition of the gate or the latch to the gate, and permitting it to remain open; and it is contended that his action is not one under the statute, but it is a common law action, arising on account of the negligence of the appellant.

It is held in International & G. N. Ry. Co. v. Hughes, 68 Texas, 290, and other cases construing article 4528, Rev. Stats., fixing liability when the right of way is not fenced, that no liability results unless there is a physical contact of the moving engine or a part of the train with the animals killed or injured. But those cases admit that a liability might arise on account of negligence, although there is no contact of the animal with the moving train. This is the con-

struction placed upon the statute, and if the cause of action had been based upon it, it would have controlled the disposition of this case; but here the case as made by the plaintiff is one solely of negligence.

The Railway Company has seen fit to fence its right of way, and if by its negligence it has permitted the fence to become defective and stock to wander upon the track, it presents a case in which it is not the absence of a fence that makes it liable, but a case in which its negligence was the proximate cause of the injury. When the track is not fenced, animals upon it or near it have the means of escape from injury which do not exist when the track is fenced on both sides; and when such is the case, animals which are permitted to enter upon the right of way and track between the two fences, are more exposed to danger and more liable to sustain injury than would be the case if they were not confined to the narrow limits of the right of way. Suppose that some servant or agent of the railway company, for whose conduct it would be responsible, drives in upon the track and the enclosed right of way animals belonging to someone else, and they should thus become exposed to danger from a moving train, and from fright or other causes run into a bridge on the track or into the right of way fence and sustain and receive injuries, could it be successfully contended that the Railway Company would not be responsible? The basis for such a claim would be the negligent or wrongful conduct of the Railway Company placing the animals in a position of peril which it could be reasonably expected or contemplated might result in injury to the animals. The same principle would apply and result follow if the Railway Company by its negligence had permitted the right of way fence, which is put there in part for the purpose of excluding stock, to become so defective and out of repair that stock could enter upon the right of way and track through the defective fence. If the duty is imposed upon the Railway Company to keep its fence in proper condition in order to exclude stock, it follows that the failure to perform this duty would be negligence for which it could be held responsible, provided this negligence was the proximate cause of the injury. And as to this question, it is clear that the animals here in controversy would not have been injured but for the negligence of the railway company in permitting the defect to exist and continue in the right of way fence.

It may be conceded that the Railway Company was not required to enclose its track with a fence, and when it is not done it would only be held liable in the event the locomotive or some part of the train came in contact with the animal, but when a fence is erected and the track enclosed, it must exercise ordinary care to keep the fence in a proper condition, and this new duty arises, not only to the public, but to adjacent owners, so that harmful results may not follow from the failure to perform this duty. When the track and right of way is protected by a fence erected by the Railway Company and under its control, and it is supposed to be sufficient to prevent stock from entering upon the track, the owner of the adjacent enclosure which is so separated from the right of way by the fence should be permitted to act upon the assumption that he can with safety to his stock turn them into the enclosure, resting upon the belief that the

railway, as to him, has performed its duty to keep the fence in proper condition. Of course, if there is no duty, there can be no liability; but in a case of this character, the erection of the fence and assuming the duty to keep it in repair when there is no indication of a purpose to abandon this duty, is an implied understanding with the owner that his adjoining enclosure may be used without danger to his stock trespassing upon the right of way and track.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*