MISSOURI, K. & T. RY. CO. OF TEXAS v. MEYER.

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1913.)

1. RAILROADS (§ 414*)—INJURIES TO STOCK—LIABILITY.

There being no law in this state requiring a railroad to fence its right of way or inclose its track, the only statute on the subject merely declaring that when it has not done so, and an animal is injured by a passing train, the injury shall constitute prima facie evidence of negligence on its part, a railroad company, though its right of way fence at one time inclosed a deep hole on the right of way, was under no duty to keep such hole inclosed for the purpose of preventing live stock from falling therein and was not liable for the death of a cow which fell therein after it had moved its fence so as not to inclose such hole.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1474, 1475; Dec. Dig. § 414.*]

2. RAILROADS (§ 411*)—INJURIES TO STOCK—LIABILITY.

A railroad company which constructed a fence at right angles to its road connecting with its right of way fence, which after it moved its right of way fence closer to the track served no purpose except to separate the fields of an adjoining owner, was under no obligation to such adjoining owner or any one else to maintain such fence, and for its failure to do so was not liable to the owner of a cow which escaped from its pasture through such fence and fell into a hole.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. § 411.*]

3. RAILROADS (§ 411*)—CONDITION OF LAND—EXCAVATIONS.

A railroad company which removed considerable dirt from its right of way, leaving a basin into which surface water flowed and washed a deep hole, was under no obligation to guard such hole to prevent persons or animals falling therein, as the excavation was lawful and the hole was caused by natural causes.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. § 411.*]

Appeal from Fayette County Court; Geo. Willrich, Judge.

Action by H. W. F. Meyer against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Geo. E. Lenert, of La Grange, for appellant. Edward H. Moss, of La Grange, for appellee.

KEY, C. J. This suit originated in a justice of the peace court but was appealed to and finally tried in the county court, where the plaintiff obtained a judgment against the defendant for $125, and the defendant has appealed.

The cause of action was predicated upon the fact that a cow belonging to the plaintiff fell in a deep hole in the ground and broke her neck. The hole referred to was on the defendant's right of way. About ten years prior to the trial, during an overflow of the Colorado river, the track and roadbed of the defendant were washed away from the approach to the bridge across the river, and the defendant in repairing that injury removed considerable dirt from the right of way, leaving a cut or basin of some length which subsequently formed a ravine, into the upper end of which surface water flowed; and, as a result of the concentration of the flow of water at that place, a large hole, some 8 or 10 feet deep and 17 feet wide, was washed out, and it was into that hole

that the plaintiff's cow fell and was thereby killed. The proof shows that the defendant formerly had its right of way so fenced as to include the greater portion of the ravine referred to and all of the hole in question within the defendant's right of way inclosure. However, about four years prior to the accident the defendant moved its right of way fence nearer to its railroad track and left the hole and all of the ravine outside of its right of way fence. The proof shows that the defendant at the time in question still had control of and had been maintaining a fence which extended straight out from its track and trestle to and beyond its fence parallel to its track. The fence referred to constituted the dividing fence between a pasture and a field which belonged to one William Hermes. The proof shows that the plaintiff was pasturing his cow in Mr. Hermes' pasture; that the cross fence referred to, which extended straight out from the defendant's trestle, got out of repair, so that stock could pass through it at a point near the ravine on the defendant's right of way but beyond and outside of the right of way fence; and that the plaintiff's cow passed through that place and went from there to where she fell in the hole. It seems that at that time there was no fence between the defendant's right of way and Mr. Hermes' field, but on account of the bluff formed by the north bank of the ravine there were only one or two places that the cow could have gone into the field, but of course she could have gone back into the pasture at the same place she got out of it. There was no proof that the cow was frightened by a passing train, or that the defendant did anything proximately contributing to its death, unless the failure to keep the fence repaired at the place where the cow got out of the pasture was the proximate cause of the injury. It was also shown that the hole referred to was surrounded by a considerable growth of vines and grass, which partially obscured its existence.

[1] The foregoing is substantially a correct statement of the material facts, all of which are established by uncontroverted testimony. Counsel for appellant contends, and we sustain the contention, that the facts referred to disclose no cause of action against appellant. There is no law in this state which requires a railroad to fence its right of way or inclose its track, and the only statute we have upon the subject merely declares that, when a railroad has not done so, and an animal is injured by a passing train, the fact of such injury shall constitute prima facie evidence of negligence on the part of the railroad. Therefore it must be held that while, at one time, appellant had the hole in question inclosed within its right of way fence, it was under no duty to keep it so inclosed for the purpose of preventing live stock from falling therein; and from this it follows that it had the right to withdraw its fence and leave the hole referred to outside of the fence which inclosed the track.

[2] Also, and for the same reason, we think it must be held that appellant owed appellee no duty and was under no obligation to keep in repair the cross fence which extended beyond the fence which inclosed the track. Granting that appellant had constructed that cross fence so as to connect with its right of way fence as it originally stood, still, after the right of way fence was moved in nearer the railroad track, the cross fence which extended beyond the right of way fence served no purpose except to separate Mr. Hermes' pasture from his field, and appellant was under no obligation to the owner of the pasture, or to any one else, to maintain that fence; and, being under no such obligation, it was not guilty of negligence when it failed to do so. 1 Thompson, Neg. (2d Ed.) § 965; 29 Cyc. 442, 444; Railway Co. v. Oakes, 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835; Padgitt v. Railway Co., 90 S. W. 67. In the case last cited the proof showed that the railroad ran through Mrs. Padgitt's farm, leaving her residence on one side and her pasture on the other; that she had a lane, fenced on both sides, leading from the house to the pasture; that the railroad had fenced its right of way but had put in the cattle guards on the right of way in such manner as that live stock could pass over; and that a horse belonging to Mrs. Padgitt passed over one of the cattle guards, went upon the track for a distance of about 100 yards to a bridge, and fell in the bridge and was injured. The court states that the cattle guard was so constructed as to form no obstacle to animals crossing over it. The trial court directed a verdict for the defendant, and upon appeal the Fourth Court of Civil Appeals said: "The animal was not injured through the locomotives or cars of appellee. The case of appellant is no better than if appellee had never inclosed its right of way across the farm. At best the evidence shows that appellee had its track in such condition that animals had free access to it. Appellee was not required to keep its track or bridges in such condition as not to injure animals that went upon the right of way." We fail to see any distinction in principle between that case and the case at bar.

This case is readily distinguishable from Railway v. Cluck, 99 Tex. 130, 87 S. W. 817, relied on by counsel for appellee. In that case the railroad had leased a spring from the plaintiff's father converted it into something like a well and covered it over, and was using it to obtain water for its engines. There was a pathway passing by it, which, to the knowledge of the railroad, was in constant use by Cluck and persons at his residence, which was near by. The covering over the well was washed away, and the railroad negligently failed to replace it, and, as a result thereof, Cluck, the plaintiff in that

case, who was visiting his father's house, while traveling the path in question during the nighttime, fell in the well and was injured; and it was held that the railroad owed him the duty of exercising reasonable care and diligence for the purpose of preventing such accidents. The case in hand is no such case as that.

[3] Nor is this a case in which the owner of premises had dug a hole in the ground and left it in such condition as to constitute a pitfall into which persons or animals might unconsciously step and be injured; and therefore it is not necessary to consider what would be the law in such a case. Appellant had the right to make the excavation it did upon its right of way, and it is not claimed that any injury would have resulted to appellee's animal if conditions had remained as they were after the excavation referred to. The hole, which was subsequently formed by surface water being concentrated at a particular point and flowing into the excavation, was a condition brought about by natural causes and not by any act of the railroad, and therefore it was under no obligation to appellee, or any one else, to take any steps to prevent live stock from falling therein.

For the reasons stated, the judgment of the trial court is reversed, and judgment here rendered for appellant.

Reversed and rendered.