MISSOURI, K. & T. RY. CO. OF TEXAS v. STEIGER.

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1913. Rehearing Denied Jan. 28, 1914.)

RAILROADS (§ 414*)—INJURIES TO ANIMALS—TRACK—DUTY TO FENCE.

Where a railroad company was under no obligation to plaintiff to fence its track, and it had not done so on one side next to an alfalfa patch, plaintiff could not assume that the railroad company had undertaken to keep stock running in the pasture from entering on its right of way, there being nothing to prevent them from doing so, and the railroad company was not guilty of actionable negligence in failing to fence, rendering it liable for injuries to a horse that ran from the alfalfa field onto the right of way, and thence onto a bridge, where it was injured.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1474, 1475; Dec. Dig. § 414.*]

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by E. L. D. Steiger against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Fiset, McClendon & Shelley, of Austin, for appellant. Will G. Barber and T. C. Johnson, Jr., both of San Marcos, for appellee.

---

JENKINS, J. The following sketch will aid in understanding the material facts of this case:

From the above sketch it will be seen that appellant's right of way is fenced on the northwest side, but is not fenced on the northeast side, except for about 75 yards from the river. There is an embankment or dump near the river, some six or seven feet high, extending back for a short distance, after which the track is on a level with the surface. Appellee had placed his horse in Eidson's alfalfa pasture, and he went upon the track near the river, and, being frightened by the approaching train, ran upon the bridge, fell through, and received injuries, causing his death, but was not struck by the engine or cars. Appellee recovered damages in the sum of $125, the value of his horse.

Appellee does not base his claim for damages upon the statute (article 6603, Rev. Civ. St. 1911), but upon his common-law right of action for negligence. The case was submitted to the jury upon the following charge: "If you find from the evidence in this case that the horse in question was running upon the pasture or alfalfa field of R. L. Eidson; that from said field there was an open way onto the right of way of the defendant company; that the defendant company, as between said field and said right of way at the time in question, failed to have and maintain a good and sufficient fence to prevent live stock from entering in on said right of way; that there was nothing to prevent its having and maintaining such fence; and if you further find that the horse in question entered upon the right of way from such alfalfa field or pasture, and went along the right of way toward the bridge of the defendant company over the San Marcos river; and if you further find that adjacent to said bridge and river there were fences upon each side of the track creating a pocket or trap; that the said fences were placed or maintained by the defendant, or with its consent and without objection upon its part; and if you further find that the horse in question so went into the said pocket or trap, if any, and that it was frightened by a train being operated by the defendant and caused to run upon the bridge in question, and thereby receive injuries which produced its death; and if you further find that in permitting the said pocket or trap, if any, to exist as it did without a fence to prevent stock from getting into same from the said alfalfa patch or field, the defendant company was guilty of negligence; and if you further find that such negligence, if any, was the direct and proximate cause of the receipt of the injuries by the animal, and that such injuries were the direct and proximate cause of its death, then plaintiff would be entitled to recover."

Appellee insists that the judgment of the trial court should be affirmed upon the authority of Railway Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978. The decision in that case rested upon the fact found by the court that the railway company owed the duty to Dixon of keeping the gate in proper condition and repair. Mr. Chief Justice Fisher, speaking for the court, said: "There is evidence to the effect that the gate was placed there by the railway company, and it assumed the duty of keeping it in proper condition and repair; and the gate, for the purposes of this suit, is treated by appellant as a part of its right of way fence. * * * The railway company has seen fit to fence its right of way, and, if by its negligence it has permitted the fence to become defective and stock to wander upon the track, it presents a case in which it is not the absence of a

fence that makes it liable, but a case in which its negligence was the proximate cause of the injury. * * * It may be conceded that the railway company was not required to inclose its track with a fence, and when it is not done, it would only be liable in the event the locomotive or some part of the train came in contact with the animal; but when a fence is erected and the track inclosed, it must exercise ordinary care to keep the fence in a proper condition, and this new duty arises, not only to the public, but to adjacent owners, so that harmful results may not follow from the failure to perform this duty. When the track and right of way is protected by a fence erected by the railway company, and under its control, and it is supposed to be sufficient to prevent stock from entering upon the track, the owner of the adjacent inclosure which is so separated from the right of way by the fence should be permitted to act upon the assumption that he can, with safety to his stock, turn them into the inclosure, resting upon the belief that the railway, as to him, has performed its duty to keep the fence in proper condition. Of course, if there is no duty, there can be no liability."

In the instant case, it does not appear from the record that the hogpen fence was erected by the railway company, and if it had been, the owner of the alfalfa patch, or any one using it for pasturage, could not assume that it was sufficient to keep stock off of the right of way for the reason that space was left between the hogpen and the right of way, into which it was apparent that stock could enter. The railway company did not owe appellee the duty of fencing its track, and did not violate any duty in failing to keep the hogpen fence in repair, and the evidence does not indicate that it was out of repair. The appellee could not assume, under the facts of this case, that the railway company had undertaken to keep stock running in the pasture from entering upon its right of way, for it was obvious that there was nothing to prevent them from doing so. Railway Co. v. Meyer, 161 S. W. 12, decided at the present term of this court.

For the reasons above stated, the judgment of the trial court is reversed, and here rendered for appellant.

Reversed and rendered.