## Wichita County Water Improvement District No. 1 et al. v. W. C. Curlee.

No. 5330. Decided February 18, 1931.
(35 S. W., 2d Series, 671.)

*Carrigan, Britian, Morgan & King, E. R. Surles* and *Maurice Cheek,* for plaintiffs in error.

The court properly sustained the general demurrer to plaintiff's petition because it appears therefrom that the Johnson grass which was eaten by plaintiff's cattle, and which is alleged to have killed them, was not planted by defendants, but was a natural growth on defendant's canal and right-of-way; hence defendants owed plaintiff no duty to kill off said grass and of course were not negligent in failing to do so and were not legally liable for the death of plaintiff's cattle.

The court properly sustained the general demurrer to plaintiff's petition, because there is no statutory or common law duty of a water

improvement district to fence its canals or right-of-way, and its failure to fence same was not negligence rendering it liable for injuries to cattle of plaintiff, an adjoining land owner, caused by their eating Johnson grass on its right-of-way, or falling into its canal and drowning. Brown v. M. K. & T. Ry. Co., 69 S. W., 178; F. W. & D. C. Ry. Co. v. Brown, 173 S. W., 943; Gulf, C. & S. F. Ry. Co., v. Oakes, 58 S. W., 999, 52 L. R. A., 293; Messenger v. Gordon, 62 Pac., 959, 15 Colo. App., 429; M. K. & T. Ry. Co. v. Meyer, 161 S. W., 12; St. Louis & S. W. Ry. Co. v. Bailey, 168 S. W., 406.

*Ewing Clagett,* for defendant in error.

The owner of a canal right-of-way is liable for damages to live stock whether due to eating poisonous grasses along said right-of-way or drowning in the canal unless said right-of-way is fenced.

MR. COMMISSIONER LEDDY delivered the opinion of the court.

Defendant in error, W. C. Curlee, instituted this suit against Wichita County Water Improvement District No. 1, and Wichita County Water Improvement District No. 2, plaintiffs in error, for the value of eight cows, three of said cows being killed by eating poisonous Johnson grass, and five being drowned in the canal constructed by plaintiffs in error. He sought to recover damages in the sum of $360 for the death of these animals. His petition alleged in substance:

That during the years 1923 and 1924, defendant in error used and occupied under lease for the purpose of farming and stock raising, a large tract of land through which the canal and irrigation ditches of plaintiff in error were constructed in order to supply water to irrigate adjoining land along the canal, and to supply water to the city of Wichita Falls. The canal and ditches were constructed, and ran through the pasture land of defendant in error; during the construction of the canal and ditches the plaintiff in error, their agents, representatives and servants, brought or caused to be brought, upon the land of defendant in error, and upon said right-of-way through the land, Johnson grass for the purpose of feeding the teams that were used in the construction of said work, and the seed of said Johnson grass became scattered and mixed with fresh dirt taken out of the canal and ditches, and the seed took root and grew upon the right-of-way in the pasture of defendant in error, and went to seed. Plaintiffs in error were negligent in permitting the Johnson grass to be brought upon the work in the pasture of defendant in error, and could have prevented the same if they had used ordinary care and caution.

That during the spring months of 1924 Johnson grass began to grow upon certain portions of said right-of-way that runs through the lands of defendants in error, and plaintiffs in error negligently failed and refused to kill it after it began to grow, knowing that the grass is very

poisonous to live stock during a certain stage of its growth. Plaintiffs in error were guilty of gross negligence in permitting the Johnson grass to grow upon their right-of-way through the pasture of defendant in error, and they also failed and refused to fence their canal, all of which has caused damages to defendant in error.

That defendant in error kept cattle at all times in his pastures along the canal, which fact was well known to plaintiffs in error, and they knew that the cattle would be ranging all through the pasture, and would doubtless eat any Johnson grass that was permitted to grow along the canal. That three cows belonging to defendant in error, died from eating such grass.

It was further alleged that the cattle were not prohibited from running at large, but had a right to be on the right-of-way of plaintiffs in error.

That plaintiffs in error did not have anyone to patrol the canal until about February 1, 1925, and were guilty of negligence in failing to have someone to keep poisonous grasses killed out for the protection of adjacent property owners.

That during the month of December, 1924, five cows belonging to defendant in error, were drowned in the canal of plaintiffs in error, which canal runs through the pasture of defendant in error.

Plaintiffs in error urged a general demurrer to the petition of defendant in error, which was sustained by the trial court. He declined to amend, the case was dismissed, and an appeal perfected to the Court of Civil Appeals. It was there decided that the trial court committed error in sustaining the general demurrer, and the cause was reversed and remanded for another trial.

Plaintiffs in error rested under no legal duty to fence the right-of-way upon which its irrigation canal was situated. Being under no such obligation it could not be guilty of negligence in failed to do so. 1 Thompson on Negligence (2nd Ed.), sec. 965; 20 Cyc., 444; Railway Company v. Meyer (Texas Civ. App.), 161 S. W., 12; Padgitt v. Railway Company (Texas Civ. App.), 90 S. W., 67.

In the last cited case appellant's horse went upon a bridge upon the railroad right-of-way and was killed by falling therein. Liability upon the part of the railway company was denied and in passing on this question, the court said:

"At best the evidence shows that appellee had its track in such condition that animals had free access to it. Appellee was not required to keep its tracks and bridges in such condition as not to injure animals that went upon the right of way."

In Railway v. Meyer, cited above, it was attempted to hold the railway company liable for the death of an animal upon the same theory as in the instant case. The negligence relied upon was the failure of the

railway company to fence its right-of-way, and it was alleged that on account thereof appellee's cow wandered upon the right-of-way and fell into a large excavation which the railway company had made thereon. It was decided that there was no liability upon the ground that the animal was a trespasser against which the railway company ws not required to fence.

In Brown v. Railway Company (Texas Civ. App.), 69 S. W., 178, it was determined that a railroad company was not liable to one whose cattle strayed from an adjoining pasture through a defective fence enclosing the company's right-of-way and ate Johnson grass growing thereon which resulted in their death. In discussing the lack of any obligation on the part of the railway company to fence its right-of-way in order to prevent cattle from eating such grass, the court said:

"Fences are built about rights-of-way not to protect cattle from eating the vegetation growing thereon but to keep them from being killed by trains; and under the circumstances of this case there was no negligence in permitting the fences to fall into decay, and appellee is no more liable for the injury resulting from the cattle eating the grass than it would be if there had been no fence; and it can certainly not be contended that there would be liability for damages arising to stock from eating the natural growth on the unfenced right-of-way."

In Railway v. Brown (Texas Civ. App.), 173 S. W., 943, it appeared that the railway company had applied some kind of poison to kill Johnson grass growing upon its right-of-way. Appellee's cattle went upon the right-of-way and ate the poisonous grass with fatal results. Liability for the death of such cattle was denied upon the theory that the railway company owed no duty to fence against appellee's cattle in order to prevent their trespassing upon its right-of-way.

In Dobbins v. Railway, 91 Texas, 60, 41 S. W., 62, the railway company was not required to respond in damages for the death of a little child which wandered on the right-of-way and fell into a pool of water. The court reached the conclusion that the railway company was under no obligation to fence its right-of-way to prevent trespassers from falling into a pool situated thereon. In discussing this question, Judge Denman, speaking for the Supreme Court, said:

"If there be no duty, the question of negligence is not reached, for negligence in law can only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby. Since the common law imposes no duty on the railroad to use or keep its right-of-way in condition that persons going thereon without its invitation may not be injured, and since there is no evidence in the record from which the jury could have found such an invitation to the child it was no more liable in law for its death than would have been a neighbor had it

wandered into his unenclosed lands and been drowned in his tank or creek or been killed by falling down his precipice."

No sound reason has been suggested for the existence of any distinction between the duty of a railroad and an irrigation company in respect to fencing the right-of-way. Neither rests under any obligation at common law or by statute to fence its right-of-way for the purpose of preventing animals trespassing thereon from being injured either from eating noxious growths or falling into excavations.

If the construction of plaintiffs in error's irrigation canal through defendant in error's premises caused his cattle to be subjected to dangers and hazards which would not have otherwise existed or operated to compel him to incur expense in fencing his land to protect the cattle from added dangers these facts were proper elements to be considered in fixing the amount of the consideration for the sale of his lands to the irrigation company or in ascertaining the amount of damages to which he was entitled if the same were acquired through condemnation proceedings.

The irrigation company rested under no higher duty to keep its premises safe for trespassing animals than devolved upon defendant in error's neighbors owning unenclosed lands.

Defendant in error's petition contains the allegations that his cattle were rightfully upon plaintiff in error's right-of-way at the time they were killed. This is but a legal conclusion shown to be based upon the preceding allegation that there was at said time no law prohibiting cattle from running at large. The conclusion alleged cannot be justified by the facts from which it is drawn. Even though stock were not legally prohibited from running at large, they would nevertheless be trespassers if they entered upon the premises of another without lawful authority.

Defendant in error's petition stated no cause of action, hence, the trial court properly sustained the general demurrer urged thereto and the Court of Civil Appeals erred in reversing the judgment of the trial court.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.