## CHICAGO, R. I. & G. RY. CO. et al. v. RHONE.

### No. 13519.

Court of Civil Appeals of Texas. Fort Worth.

April 30, 1937.

Rehearing Denied May 21, 1937.

Benson & Benson, of Bowie, and Robert Harrison, of Fort Worth, for appellants.

T. B. Coffield, of Bowie, for appellee.

DUNKLIN, Chief Justice.

The following facts were established by testimony introduced: Plaintiff's mare escaped from his inclosure and entered upon defendant's right of way through a cattle guard maintained to keep stock off the right of way, but which had been so moved as to no longer accomplish that purpose. After going upon the right of way, the animal attempted to pass over one of defendant's railway bridges and in so doing his legs were caught between the cross-ties thereon, and in plaintiff's attempt to extricate her from that position, she was so injured as to require her being killed. Her reasonable market value was $85, for which, plus $10 attorney's fee, he recovered judgment.

There was no proof that the animal ran on the bridge from fright produced by a passing train or that she ever came in contact with any of defendant's locomotives or cars running over its railway. Therefore plaintiff did not show a right of recovery under provisions of Vernon's Tex. Civ.St.1936, art. 6402. 35 Tex.Jur. § 443, p. 707; § 449, p. 713; § 450, p. 714; § 451, p. 716; § 453, p. 718 to § 454, p. 720; Missouri, K. & T. Ry. Co. v. Orr (Tex.Civ. App.) 272 S.W. 343, and other decisions there cited.

The case was tried without a jury and no findings of fact by the trial judge appear in the record, but every reasonable presumption of findings of fact in support of the judgment must be indulged if there be competent evidence sufficient to support it.

Two grounds of negligence were relied on by plaintiff to support a recovery for the value of his mare, viz., negligence in maintaining the defective and insufficient cattle guard through which the animal entered on the right of way; and negligence in maintaining its railway bridge with openings between the cross-ties of such width as to cause the animal's legs to become entangled therein.

A charge of negligence in the latter respect could not be sustained, for the reason that the bridge was not constructed for travel over it by animals, but for the sole purpose of supporting trains and locomotives; and the defendant company was not charged with notice of the probability it would be used by trespassing live stock. Indeed, the same reason for the statutory requirement to maintain cattle guards at certain points to keep stock from passing out of or into inclosures would apply with equal force to openings in railway bridges. If no such openings are left in the floor of railway bridges, then the railway company might be confronted with a charge of negligence for that condition.

It is the settled doctrine of the decisions in this state that a railway company is not required to fence its track, although by article 6402 it is held liable for stock injured through collision with its locomotives

or cars, if the track has not been fenced or if the fence has become so out of repair as to admit stock. As announced in many of the decisions, independently of the provisions of article 6402, a railway company may be held liable for injury to stock resulting from its negligence under rules of the common law; but that the mere absence of a fence inclosing the right of way is not sufficient of itself to support such a charge.

■ The failure to keep in proper condition the cattle guard through which the animal entered its right of way is the only evidence pointed out by plaintiff to support a finding of the court on the issue of negligence first noted. Even if the rule were otherwise, plaintiff would have the burden of further showing by allegation and proof that defendant should reasonably have foreseen the possible presence of such an animal in an inclosure from which it might escape and wander on to the right of way through the defective cattle guard. No such allegation or proof appears in the record before us. Moreover, the purport of plaintiff's testimony was that the mare escaped from his premises through a gate that was left open or else broke down by another animal, all without his knowledge and unexpectedly to him. If he could not have foreseen that she would get out and wander away, how could it be said that the railway company should have anticipated such action of the animal?

For the reasons indicated, the judgment of the trial court is reversed and judgment is here rendered for appellant.

All costs of suit in the trial court and by reason of this appeal are taxed against appellee.

### On Motion for Rehearing.

Appellee complains of our failure to discuss the cases cited in his brief and relied on to sustain the judgment of the trial court; particularly International & G. N. Ry. Co. v. Dixon, 49 Tex.Civ.App. 506, 109 S.W. 978, 979, which appellee says is the only case in the law books upon the state of facts involved in this case.

In that case the evidence showed that after plaintiff's horses had entered upon the right of way through an open gate in the right of way fence, they became frightened at an approaching train and ran down the track in front of it and fell into a bridge and were thereby injured. The Court of Appeals affirmed a judgment in favor of the owner for those injuries to the horses. As we construe the opinion, the court held that while the railroad company was under no legal duty to fence its track, yet having undertaken to do so, it was guilty of negligence in permitting the gate in the fence to become out of repair, which was the proximate cause of the injury to the animals because they were more exposed to danger of injury in that "when the track is not fenced, animals upon it or near it have the means of escape from injury which do not exist when the track is fenced on both sides; and, when such is the case, animals which are permitted to enter upon the right of way and track between the two fences are more exposed to danger and more liable to sustain injury than would be the case if they were not confined to the narrow limits of the right of way."

■ The opinion implies a finding that but for the inclosure by the right of way fence the animals, after becoming frightened at the approaching train, would not have run on the bridge but would have escaped, not only from the track but from the right of way as well. The fact that in that case the immediate cause of the animals running down the track in front of the train on to the bridge was fright of the approaching train and that too after the engineer had discovered their presence and fright, distinguishes that case from the present suit, at all events. To give that decision controlling effect here, it would be necessary to infer that plaintiff's mare became frightened at an approaching train; that by reason of such fright she ran on the bridge because the right of way fence prevented her escape from the right of way altogether; all in the absence of any evidence to sustain such conclusions, in violation of the familiar rule forbidding the building of one inference upon another. Fort Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S. W. 1130, and other decisions cited in the opinion of this court in Missouri, K. & T. Ry. v. Orr (Tex.Civ.App.) 272 S.W. 343. In that case the decisions in the Dixon Case and others were reviewed and the conclusion reached that the facts in the Dixon Case distinguishes it from the Orr Case. We adhere to the reasoning expressed in the Orr Case, since the controlling facts in that case and in the present case are of the same legal effect in principle. The holding in that case that the act of the railway company in maintaining a defective right of way fence through which the animal

entered upon the right of way and was injured by contact with the fence inclosing it did not of itself establish actionable negligence, is applicable and controlling in this case.

Appellee insists that we erred in rejecting the finding of the trial court of negligence of defendant in maintaining the bridge with the open spaces in which the mare's legs caught. The general rule is recognized in the Dixon Case, the Orr Case, and all others that negligence must be founded upon some breach of duty imposed by statute or by some rule of common law. As pointed out in our original opinion, the defendant was not required, either by statute or any rule of the common law, to so construct its bridges as to furnish a safe roadway for animals to travel over them. On the contrary, should a railway bridge be so constructed and a train is wrecked by coming in contact with animals caught on the bridge, we have no doubt that a finding of actionable negligence in so-constructing it would be upheld.

Counsel is in error in construing our opinion as holding that the act of plaintiff in injuring the mare in his attempt to 'remove her from the bridge was a bar to a' recovery for her loss. To remove any possible doubt on that point, we will say that the injury and subsequent loss of the animal resulted solely from her being caught in the bridge and the efforts of plaintiff to extricate her were necessary and in no manner militated against his right of recovery for her loss if the same was due to the defendant's negligence.

The motion is overruled.