**BEXAR METROPOLITAN WATER DISTRICT, Appellant,**

v.

**Otto KUNTSCHER, Appellee.**

**No. 12781.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellant.

John R. Shaw, Robert R. Murray, San Antonio, for appellee.

POPE, Justice.

The Bexar Metropolitan Water District has appealed from a judgment for Otto Kuntscher in the sum of $1,500, for damages done to the Kuntscher home by reason of water which overflowed from the District's water storage tower. The tower is located on property near the Kuntscher home and is about one hundred feet high. On about fifteen occasions between September and December of 1952 it overflowed onto the Kuntscher home. Kuntscher complained to the District when the tower overflowed, and it would then dispatch a man to cut off the water and stop the flow

The trial court found that the damages were temporary rather than permanent.

The plaintiff sued on the grounds that the District was a governmental agency which was liable under Article 1, Section 17, of the Constitution, Vernon's Ann.Civ. St., which provides that no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made.

Our decision is controlled by Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70, 71, wherein the Supreme Court distinguishes suits grounded on the power of eminent domain and those grounded on tort, the government being liable for the former and not liable for the latter. This case, like the cited case, was one of negligence. The damage to the Kuntscher home was occasioned by the negligent manner in which the storage tank was maintained and used.

Texas Highway Department v. Weber states:

"Under the facts of this case, the cause of action is simply one sounding in tort. The Highway Department employees were engaged in the maintenance of the highway at the time they set the fire that caused the damage to respondent's hay crop. They were engaged in the discharge of a mandatory, governmental duty. There was no authorization or necessity for them to cause damage to adjoining property by reason of burning the grass on the shoulders of the highway. The damage occasioned by the fire was not necessarily an incident to, or necessarily a consequential result of, the act of the employees in clearing the grass from the highway. The spreading of the fire onto the premises of Weber was purely and solely the result of negligence; in no conceivable way can it be said that the hay crop was taken or damaged for public use. To hold otherwise would be, in effect, to establish a principle of law that the state is responsible for all injuries or damages occasioned by its agents in the negligent performance of their official duties."

We could paraphrase those words by changing the names of parties and by appropriately changing the negligence with reference to fire to negligence with reference to water. See also, Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R. 2d 666, Note 2 A.L.R.2d 677, 699.

Texas Highway Department v. Weber prevents recovery for damages grounded on negligence, and the escape of stored waters, under Texas law, depends upon proof of negligence. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221. Our understanding of the majority opinion in Bennett v. Brown County Water Imp. Dist. No. 1, Tex., 272 S.W.2d 498, is that such a water district is a governmental agency which enjoys nonliability for its torts.

Accordingly, the judgment is reversed and here rendered that plaintiff, the appellee herein, take nothing.