**SINCLAIR PIPE LINE COMPANY,**
Appellant,

v.

**W. L. LIPSCOMB et al., Appellees.**

No. 15869.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1957.

Rehearing Denied Jan. 17, 1958.

Kelly, Hunt & Cullen, and Joe E. Kelly, Victoria, for appellant.

Guittard & Henderson and Richard Henderson, Victoria, for appellees W. L. and Alvis Lipscomb.

J. M. Fly, Victoria, for appellee Victoria County Drainage Dist. No. 2.

BOYD, Justice.

Appellant Sinclair Pipe Line Company filed suit for damages against appellees Victoria County Drainage District No. 2 and W. L. Lipscomb and Alvin Lipscomb, doing business as W. L. Lipscomb & Son Dragline. It was appellant's contention that the Drainage District engaged the Lipscombs to clean out certain drainage ditches in the district area and that in cleaning out one of the ditches their employee negligently struck appellant's pipe line with a bulldozer, thereby causing the damages complained of.

The Drainage District's motion to be dismissed from the suit was sustained, and trial was had before a jury as between appellant and the Lipscombs. The jury found that: W. L. Lipscomb knew where the pipe line was located under the drainage ditch; his failure to warn his employee Ripple, who operated the bulldozer, of the location of the pipe line was negligence and a proximate cause; Ripple should not, in the exercise of ordinary care, have discovered the existence of the pipe line prior to its damage; appellant failed to place a sign or other marker showing the location of the pipe line; such failure was negligence and a proximate cause; appellant did not fail to bury the pipe line to a depth sufficient to permit normal cleanout operations; the Lipscombs and their employees carried out the cleanout operations in accordance with their instructions from the Drainage District; appellant incurred an expense of $548 in repairing the pipe line, and its breaking caused appellant to lose 150 barrels of oil of the value of $3.18 per barrel. Judgment was rendered for the Lipscombs.

Appellant contends that the court erred in dismissing the Drainage District from the suit, and in rendering judgment for the Lipscombs, and asks that the judgment be reversed and rendered against the Lipscombs for $1,125, or, in the alternative, that the cause be remanded and that the Drainage District be compelled to defend upon another trial.

We do not perceive error in dismissing the Drainage District from the suit. Although appellant alleged that it "seeks reimbursement and compensation under Article 1, Section 17 of the Constitution of the State of Texas, [Vernon's Ann.St.]" we are constrained to believe that this is a suit for damages based upon allegations of negligence. Appellant alleged that as "a direct and proximate result of the negligence of the defendants herein, the plaintiff was damaged in the total amount of Twenty-three Hundred and Twenty-six & 48/100 ($2326.48) Dollars * * *." It seems to be settled that a Drainage District is a governmental body and is not liable for the actions of its agents or employees in the performance of governmental functions. Dallas County Flood Control Dist. v. Benson, Sup., 306 S.W.2d 350; Bexar Metropolitan Water Dist. v. Kuntscher, Tex.Civ. App., 274 S.W.2d 121; Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70; Bennett v. Brown County Water Imp. Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498.

In Dallas County Flood Control Dist. v. Benson, supra, and Bexar Metropolitan Water Dist. v. Kuntscher, supra, Article 1, Section 17, providing that private property shall not be taken for public use without adequate compensation, was invoked; but the courts held that nevertheless the suits were for damages for negligent injury and could not be maintained against the governmental agencies.

We think there was no "taking" of appellant's property within the meaning of the constitutional provision relied upon, and that the District was properly dismissed from the suit.

Appellant ably argues that the issue as to its own negligence in failing to place a sign or other marker showing the location of the pipe line, and the jury's answers thereto were superfluous, and should have been disregarded by the trial court, because it says that before appellant could be guilty of negligence in that respect it must have been under a statutory or common-law duty to so place a sign or other marker. It cites Chicago, R. I. & G. Ry. Co. v. Rhone, Tex. Civ.App., 105 S.W.2d 707; Galveston, H. & S. A. Ry. Co. v. Hennigan, 33 Tex.Civ. App. 314, 76 S.W. 452; International & G. N. R. Co. v. Dixon, 49 Tex.Civ.App. 506, 109 S.W. 978; and Missouri, K. & T. Ry. Co. v. Orr, Tex.Civ.App., 272 S.W. 343. We think some of these decisions support appellant's general proposition of law; but in the case at bar we have a limited statement of facts, and it is impossible for us to determine whether the evidence put these issues in the case.

In the absence of a statement of facts, we must indulge every presumption in favor of the trial court's judgment. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. We think the same rule applies when a limited statement of facts is brought up. Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669. What evidence there was in the record supporting the issues here under consideration we do not know; but we must presume that there was some evidence of probative force to support the issues submitted and answered.

Finding no error, the judgment is affirmed.