Thelma IVEY, a Feme Sole, Appellant,

v.

CITY OF TEMPLE, Appellee.

No. 11504.

Court of Civil Appeals of Texas.

Austin.

May 17, 1967.

Rehearing Denied May 31, 1967.

C. Gordon Metcalf, Temple, for appellant.

Jack W. Prescott, Temple, for appellee.

PHILLIPS, Chief Justice.

This is a suit for damage done to appellant's property due to the "backing up" of a sanitary sewage line owned by the appellee, City of Temple, onto the property belonging to appellant.

The trial court granted appellee's Motion for Summary Judgment apparently on the theory of appellee's immunity for a governmental function.

Appellant has perfected her appeal to this Court.

Appellant pleaded in the trial court that the City "*constructed* and maintained said sanitary sewer in such a manner as to allow said leakage and resulting flooding on plaintiff's property with sewage" (emphasis supplied).

Appellant's case was not brought in tort, but under Tex. Const. art. 1, Sec. 17, Vernon's Ann.St., as follows:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such person; * * *"

Recovery has been allowed under the abovementioned provision where the damage results from a permanent public structure wherein the State intentionally performed certain acts in the exercise of its lawful authority to construct such structure for public use which resulted in tne taking or damaging of plaintiff's property, and which acts were the proximate cause of the taking or damaging of such property. This is the test set out by the Supreme Court in State v. Hale, 136 Tex. 29, 146 S.W.2d 731 (Tex.Sup.1941) wherein the construction of a highway diverted surface waters over plaintiff's land. Similar cases are Jefferson County Drainage District No. 6 v. Langham, 124 Tex. 167, 76 S.W.2d 484 (Tex.Sup.1934) which involved flooding from a drainage ditch; and City of Wichita Falls v. Whitney, 11 S.W.2d 404, (Tex.

Civ.App. Fort Worth 1929, writ dism'd) involving odors from a sewage plant.

On the other hand, no recovery has been allowed under this section of the Constitution where the damage in connection with a public structure was based on some act of negligence such as the negligent acts of an employee. Bexar Metropolitan Water District v. Kuntscher, 274 S.W.2d 121, (Tex.Civ.App. San Antonio 1954, no writ).

Baylor University: Normand, Liability of Governmental Units for Damaging Private Property, 15 Baylor L.Rev. 403 (1963).

We hold that a question of fact is present here as to whether the flooding was caused by the sewer under the test announced by Hale, above, or through negligence.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.