M. L. ROWE, Appellant,

v.

CITY OF TEMPLE, Appellee.

No. 7579.

Court of Civil Appeals of Texas, Beaumont.

April 4, 1974.

Dan A. Makowsky, Waco, for appellant.

William T. Wilson, City Atty., Temple, for appellee.

KEITH, Justice.

Plaintiff appeals from a take-nothing judgment entered after the trial court sustained defendant's motion for peremptory instruction at the close of plaintiff's evidence. Having withdrawn the case from the jury, the trial court likewise sustained defendant's motion for summary judgment because of plaintiff's failure to comply with the notice requirement in the city charter.

Plaintiff sued the City of Temple for damages caused by the backup of raw sewage into his house on February 28, 1972, predicating his recovery upon the theories of nuisance and constitutional taking. Plaintiff had resided in the house for many years and had experienced sewer backups over a long period of time, estimated at twelve to fifteen years; but, on the date mentioned, a concurrent hard and prolonged freeze broke the commode, the sink, and cast iron pipes. The raw sewage caused damage to his floors, rugs, furniture, and other contents of the house. He also claimed that the odor remained for a long period thereafter, causing him much personal inconvenience.

Shortly after the incident mentioned above, city undertook a detailed examination of the connection of plaintiff's sewer line to its mains; and, during this inspection, it found that plaintiff's outfall line was not connected to the city's line. It was plaintiff's theory that city had, at some time in the distant past, disconnected his line from its mains. Over the years, the city's efforts to open the line had cre-ated an underground cavern near the city's mains which acted as a natural cesspool or septic tank. One city employee said that there was about a five-foot space between the end of plaintiff's line and the city's main. Once the connection was made, in March 1972, no more backups occurred.

At the outset, we acknowledge the rule governing our review of this record is that set out in McKethan v. McKethan, 477 S. W.2d 357, 358 (Tex.Civ.App., Corpus Christi, 1972, error ref. n. r. e.), wherein some of the leading authorities are cited:

"As this is an instructed verdict case, in determining whether it was proper for the trial judge to take the case from the jury and render judgment himself, we are required to review the evidence in the light most favorable to the losing party, indulging against the judgment every inference that may properly be drawn, and disregarding all conflicting evidence." (citations omitted)

In his first point of error, plaintiff contends that "the evidence established the necessary elements for a cause of action on the theory of nuisance," and he was entitled to go to the jury on that theory. We disagree for the reasons now to be stated.

It is clear that plaintiff relies upon negligence of the city employees in his effort to establish a nuisance. It was his theory, and his testimony, that some unidentified employee of city disconnected his outfall line from the city's main and that this negligence proximately caused his damage.

In a well-written opinion, Chief Justice Chadick cites many authorities in point on the question now under consideration in the case of City of Texarkana v. Taylor, 490 S.W.2d 191, 193 (Tex.Civ.App., Texarkana, 1972, error ref. n. r. e.). The Court there said:

"* * * Texas courts are committed to a legal doctrine that a municipality in Texas is immune from liability for negligence in the performance of a governmental function and that operation of a

sanitary sewer system is performance of a governmental function. When it is considered that private nuisance is merely a term characterizing the damage done, it is apparent that the judgments here under review were of necessity rendered on the theory that damage was caused and inflicted by the negligence of the City. Nuisance is the term for the kind of damage inflicted; negligence causation is the gravamen of the actions brought by the appellees and the basis of liability. Fundamentally, the suits seek to compel the City to respond in damages for its negligence. The conclusion cannot be escaped that negligence, not some other fault, is the causative reason alleged and proved for the respective appellees' damage and the suits must be recognized for what they are, negligence actions, and treated as such. The City's governmental immunity to such actions shields it from liability." (citations omitted)

The authorities examined, discussed, and harmonized in *Taylor,* supra, are dispositive of the nuisance contention, and point one is overruled.

■ Plaintiff's second point brings forward his contention that there was sufficient evidence to take his case to the jury under theory of a constitutional taking under Art. I, § 17, Vernon's Ann.St. Constitution of Texas. It is obvious from plaintiff's *pleadings* that he relied upon Ivey v. City of Temple, 415 S.W.2d 542 (Tex.Civ. App., Austin, 1967, error ref. n. r. e.). But, *Ivey* was a summary judgment appeal and the summary judgment proof is not set out in detail. Here, we have a complete statement of facts adduced upon the adversary trial of the cause.

As has been pointed out earlier, the entire thrust of plaintiff's case was that some unidentified city employee, at some unknown time in the past, disconnected his sewer line from that of the city. This was a charge of negligence which proximately caused his damage; it was not a constitu-

tional taking under the rationale of State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736 (1941).

This case is ruled by another decision of our Supreme Court; Texas Highway Department v. Weber, 147 Tex. 628, 219 S. W.2d 70, 71 (1949), for the reasons stated by Justice Pope in Bexar Metropolitan Water District v. Kuntscher, 274 S.W.2d 121, 122 (Tex.Civ.App., San Antonio, 1954, no writ), cited in *Ivey,* supra. See also, Sinclair Pipe Line Company v. Lipscomb, 308 S.W.2d 584, 586 (Tex.Civ.App., Fort Worth, 1957, error ref. n. r. e. ), and Sears v. Colorado River Municipal Water District, 487 S.W.2d 810, 812 (Tex.Civ.App., Eastland, 1972, error ref. n. r. e), and cases cited therein.

Finding no merit in point two, it is overruled.

Since plaintiff may not prevail under this record, on either theory advanced, it is unnecessary for us to pass upon the notice question set out in point three.

The judgment of the trial court is affirmed.