ALBERT PIERCE, Appellee, v. WILLIAM WILKE, Appellant.

**Pleadings:** ANSWER: ISSUES. Where the defendant denies in his answer the existence of facts not alleged in the petition no issue thereon is thus presented.

Contracts: PERFORMANCE: EVIDENCE. In this action to recover for
labor performed in cutting poles, the evidence is held to present a
fact question for the jury, as to whether plaintiff cut the number of
poles alleged in his petition or a less number.

Appeal: ASSIGNMENT OF ERROR. A mere assignment as error that the
court erred in overruling a motion for a new trial is not sufficiently
definite to raise any question for review.

*Appeal from Hamilton District Court.*—Hon. R. M. Wright,
Judge.

SATURDAY, MARCH 14, 1914.

ACTION at law to recover on an account for work and
labor done for defendant. Verdict and judgment for plain-
tiff, and defendant appeals.—*Affirmed.*

*D. C. Chase,* for appellant.

*J. W. Lee* and *Wesley Martin,* for appellee.

WEAVER, J.—Plaintiff and defendant entered into an
oral agreement by which plaintiff undertook to cut the timber
growing on a certain tract of land into poles, posts, and
sawlogs, for which work he was to receive fifty cents per
load for poles, two cents each for posts, and a price not stated
for sawlogs. The petition alleges that under the agreement
plaintiff did cut and prepare 1,500 loads of poles, 3,821 posts,
and sawlogs to the value of $32, making an aggregate earning
of $858.42. Upon this account he gives credit for payments
in the sum of $160 and demands judgment for the remainder
of $698.42. By way of answer defendant admits the alleged
agreement, but denies that plaintiff performed the amount
of work for which he demands pay. As to the work actually
done, the answer avers that "plaintiff only cut and hauled
271 loads of poles." It further admits that plaintiff cut logs
to the value of $32, and cut 3,944 posts, making an aggregate

earning of $246.40. Of this sum he alleges that he has paid $164.50, and tenders judgment in plaintiff's favor for the remainder of $81.88. The cause was tried to a jury, which returned a verdict for plaintiff for $418.92, for which sum judgment was entered.

It will be seen that the principal controversy between the parties is over the quantity of poles for which plaintiff is entitled to payment. Concerning this question the issue, if

1. PLEADINGS: answer : issues.

any there be, is quite peculiar. The petition alleges that plaintiff was to cut the poles for fifty cents per load, and that he did cut 1,500 loads. The answer admits the agreement, but "denies that plaintiff *cut and hauled* 1,500 loads, but avers that plaintiff only *cut and hauled* 271 loads." This is a denial of something which is not alleged, and, properly speaking, presents no issue whatever. But, treating it as a mere denial, it presents an issue of fact upon which the parties were entitled to the verdict of the jury, unless we are able to say from the examination of the record that there is no material conflict in the evidence.

It is the contention of appellant that there is an utter want of evidence in support of plaintiff's claim, but we think this objection is not well taken. It is to be admitted that the tes-

2. CONTRACTS: performance : evidence.

timony in this respect is not very clear or specific. Only a part of the poles had been hauled at the time of the trial, the remainder still lying on the ground in a condition rendering it practically impossible to ascertain the number of loads with exactness, and a fair approximation to the number from estimates made by witnesses who had viewed the poles where they lay was probably the best evidence obtainable and was undoubtedly admissible. Defendant could not defeat plaintiff's right to compensation by failing to haul the poles or put them in a condition to be measured. Plaintiff's own estimate appears to be made largely upon the number of days employed in doing the work, and the average amount of cutting constitut-

ing a fair day's work. This testimony is perhaps entitled to no great weight, but we cannot say it is of no value. It was admitted without objection, and the jurors were authorized to give it such consideration as they found it entitled to. Other witnesses testifying in his behalf gave estimates of the amount of poles yet on the ground. They had examined the poles, and also knew the timber land before the cutting was done, and had some knowledge as to the amount of poles which the acreage would produce. This testimony was also admitted without objection. Defendant admitted that he had agreed to pile the wood, but had not done it, and he himself, as well as the witnesses in his behalf, testified only to estimates after examining the premises. There was no motion to direct a verdict for the defendant, and indeed there is not apparent ground upon which such a motion could have been sustained. There being, as we have seen, evidence in the record tending in some measure to sustain the plaintiff's claim, as well as evidence tending to support that of the defense, the court could not properly refuse to submit the issue to the jury. The court did submit it to the jury, with instructions, upon none of which is any error assigned.

Of the four errors assigned the first and second are to the effect that the verdict is not supported by and is contrary to the evidence. For reasons already stated these exceptions must be overruled. There was evidence on either side, and its weight and value were, as already stated, for the consideration of the jury.

The third error relied upon is that the verdict is excessive. There is nothing in the record upon which this conclusion can be reached as a matter of law. There was a wide difference in the estimates of the witnesses, and the jury apparently did discount plaintiff's estimate to the amount of 560 loads, requiring defendant to pay for 940 instead of 1,500 loads. We are unable to say that this result is not to be fairly deduced from the evidence.

The only other error suggested is that the court erred in overruling the motion for a new trial. This assignment is altogether too general and indefinite to raise any question for the court's decision.

3. APPEAL: assignment of error.

No reversible error appearing, it follows that the judgment of the district court must be, and it is—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concurring.