KATHLEEN R. HARRINGTON, Appellee, v. SOUTHERN SURETY COMPANY, Appellant.

926

OCTOBER 23, 1928.

*Sam G. Pickus* and *R. A. Oliver*, for appellant.

*Clay H. Jensen* and *D. F. Loepp*, for appellee.

KINDIG, J.—On February 24, 1926, the appellant, an Iowa insurance corporation, issued to appellee an automobile accident insurance policy, providing for the following indemnity: (a)

For such an injury as shall immediately, continuously, and wholly disable and prevent the insured, from the date of accident, from performing each and every kind of duty pertaining to his business or occupation, $25 per week for the period of such disability, not exceeding 26 consecutive weeks; (b) for partial disability or delayed total disability, $12.50 per week, not exceeding 4 consecutive weeks.

Thereafter, on July 14th of the same year, while the contract was in full force and effect, appellee was riding in an automobile, on the streets of Sioux City, with her father and mother. She was sitting in the back, and they in the front seat thereof. The father was driving. As they went over a hill, a washout in the street was encountered, causing the front wheels of the vehicle to drop. This threw appellee's head against the top. When the back wheels reached the depression, appellee again was thrown up against the conveyance. Thereby she received a fracture of the fourth vertebra and bruises on the back of her head and neck. That condition caused her headaches, ringing in the ears, and dizziness.

At the time of the injury, appellee was employed by the Sanitary Swimming Pool Company, of Sioux City. Her salary for this occupation was $15 per week. Disability arose because of the accident and resulting injuries, for which appellee made claim against the appellant under the insurance policy. Appellant refused to assume liability therefor and make payment thereof. So, in order to recover her loss, appellee, as plaintiff, brought this suit against appellant, as defendant. Consequently, a trial was had to the jury, resulting in a verdict for appellee.

I. In the first place, appellant contends that in no event can appellee recover total disability under Paragraph "a" of the policy, before quoted, for the reason that the record shows, without contradiction, that she was not immediately, continuously, and wholly disabled from July 14th, but only from July 28th. Therefore, appellant says, the trial court should have directed the jury to return a verdict in its favor accordingly. With this conclusion of the record we are constrained to disagree. Appellee testified:

"The next morning, I went down with my father to the office between 9 and 10 o'clock. I usually tried to be there early.

When I got there, I just sat around. I couldn't do anything. I tried to work, and I couldn't. Dad took me home, around noon, and then I went down for a little while in the afternoon. I couldn't do any work in the afternoon. I didn't do any work the next day. I think I went to the office every day from the 14th day of July to July 27th, but I am not positive. I tried to set up some type for a multigraph, but I couldn't do that. My head pained so, I was confused,—my head roared so, I was dizzy. On July 27th, in the evening, after I came home from the office, we had dinner, and at about 11 o'clock, I collapsed, and became unconscious. Dr. Charles F. Thompson was called, and I was placed in bed, and confined there several days. * * * I didn't work. I didn't go to the office * * * after my collapse. I didn't perform any work in my usual occupation from the 14th day of July, 1926, up to and including the 5th or 6th day of January, 1927.''

Cross-examination revealed the following:

''I was there [at the office] because I was not able to do anything around the house, and I didn't think the ride would hurt me, going down town. My father could be there, so I just went. I wasn't there for the purpose of doing anything. * * * I didn't have a doctor because I kept thinking I would get better, up until the 27th.''

M. M. Harrington, appellee's father, said:

''She [appellee] performed none of her duties between (July 14th) and January 5th or 6th. I paid her for the period between July 14th and July 27th. * * * I always thought it was customary to pay them [employees] if they were sick for a week or two, so I paid her.''

Because of those facts and circumstances, it cannot be said that there was no evidence to sustain appellee's claim that she was ''immediately, continuously, and wholly disabled, so as to prevent performance of each and every kind of duty pertaining to her business, from July 14th.'' Hence, the court was justified in refusing to direct the verdict.

II. Nevertheless, appellant urges that appellee is not entitled to obtain the remedy sought, in the face of the estoppel rising out of the notice and proof of loss made by appellee in

this matter. Those documents, so far as material, contain the following statements:

"Date injured, July 14, 1926, at 7:30 P. M., and compelled to cease work * * * July 27, 1926. Q. From and to what date were you continuously disabled in consequence of said injury, according to the definition on back hereof? A. Totally and absolutely disabled from July 27, 1926, to (still unable to work)."

Such "notice and proof of loss" were not accepted by appellant as the basis for a contract of settlement. No adjustment was made or offered, but, on the other hand, liability was disclaimed. Denial, in fact, is made that "proof of loss" was ever furnished, according to the terms of the policy. Under these circumstances, the statements of appellee in the notice and proof of loss were not conclusive, but rebuttable. Doubtless appellee's declarations thus presented amounted to prima-facie evidence of the facts asserted. Manifestly, however, they are subject to explanation and contradiction, until acted upon by appellant. *Corkery v. Security Fire Ins. Co.*, 99 Iowa 382; *Michalek v. Modern Brotherhood of America*, 179 Iowa 33; *Melton v. Royal Highlanders*, 194 Iowa 352; *Anderson v. Royal Highlanders*, 195 Iowa 1252.

III. However, appellant argues that, even though the above and foregoing is the general rule, yet it cannot be applied to the facts in the case at bar because appellee did not "controvert, reject, modify, or explain" her representations in the "notice and proof of loss."

A reference to her testimony previously set forth herein will convince beyond dispute that she did thus "controvert, reject, modify, and explain." While a pleading was not filed, "controverting, rejecting, modifying, or explaining," yet the evidence aforesaid was admitted without objection, and, under the circumstances, that was sufficient. Had timely "objection" been made to the evidence, there now would be presented a different problem. But, not having been thus interposed, we have no occasion to pass upon that question, and therefore refrain from doing so. See, however, *Anderson v. Royal Highlanders*, supra.

IV. Equally without merit is appellant's assignment of error based upon the thought that the court should have submitted to the jury a charge and form of verdict permitting it to find for appellee under Paragraph "b" of the policy, embodied in the preliminary statement of facts, as well as Division "a" thereof. The petition filed in the district court is drawn upon the theory that recovery is allowable under Section "a" aforesaid because appellee was "immediately, continuously, and wholly disabled" from July 14, 1926. Accordingly, the prayer was limited to those allegations. Mention of partial "disability" was not made in that pleading, and nowhere did appellee ask for such redress. Wherefore, had the trial court submitted an issue to the jury under Paragraph "b," it would have done so without any basic pleading on the part of appellee, to support the same. Recovery was confined by the trial court's instructions to immediate, continuous, and total "disability," within the purview of Paragraph "a."

There was no basis for any other instruction, because that was the only issue raised by appellee's petition. Thus, the charge was proper.

V. "Immediately," as used in said Paragraph "a" of the policy, was defined by the trial court in its instructions to mean "within twenty-four hours of the time of receiving such injury." Error is predicated thereon.

Without deciding the point, we conclude that, even if erroneous, there was no resulting prejudice; for the theory of appellee and the evidence adduced in support thereof were that the injury was from July 14th, the date of its occurrence. And, in addition thereto, the jury, in answer to a special interrogatory submitted to them by the trial court, found that the appellee was "continuously and wholly disabled and prevented from performing each and every kind of duty pertaining to her business and occupation, as alleged in her petition, from July 14, 1926, to October 18, 1927." Insistence was made by appellant that the "disability" was not immediate, because it did not commence until the 27th of July, as distinguished from the 14th thereof.

Necessarily, then, in view of the testimony and the special

findings of the jury, the instructions were not harmful to appellant.

VI. Complaint is also made concerning an instruction relating to the effect of the apparent inconsistency between appellee's testimony upon the witness stand and her statements made in the notice and proof of loss, previously discussed. More specifically, the exception is that the court limited the alleged incongruous declarations to two propositions: First, that in the notice and proof of loss appellee said she quit work on July 27th, and second, was totally and absolutely disabled from that date; while at the trial she swore that by "quit work" she meant resignation from her position, and that total disability began on July 14th, rather than the 27th (the time when she was confined to her bed). These representations embraced within the notice and proof of loss, the district court told the jury, were rebuttable. Omitted from the conflicting assertions of appellee is the conclusion drawn by appellant that the demand for loss under the policy was from the 27th of July only, and not, in any event, from the 14th. By leaving out that thought, appellant complains that, in effect, the jury were told to disregard it.

If, however, appellee's total disability commenced on the 27th (as she said in the notice and proof of loss), rather than the 14th of July, then, of course, her claim for indemnity would be from the former date only, and the jury, because of those recitals, did have presented to them the question of the limitation inferred under her claim.

VII. An assignment of error is not sufficient when it is in blanket form, to the effect that the district court wrongfully failed to direct a verdict or sustain a motion for a new trial. *Blakely v. Cabelka*, 203 Iowa 5; *Ryan Bros. v. Rate*, 203 Iowa 1253; *Ruebel Bros. v. American Exp. Co.*, 190 Iowa 600; *Brewster v. Chicago & N. W. R. Co.*, 114 Iowa 144.

We have considered all assignments of error properly raised, and find that they are without support in the record.

The judgment and decree of the district court, accordingly, should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.