[Civ. No. 4380. Third Appellate District.—November 28, 1931.]

CALIFORNIA SMITH, a Minor, etc., Respondent, v. FALL RIVER JOINT UNION HIGH SCHOOL DISTRICT (a Body Politic) et al., Appellants.

A. F. Ross, Oliver J. Northup, Chas. W. Haswell and Carr & Kennedy for Appellants.

L. C. Smith for Respondent.

TUTTLE, J., *pro tem.*—Respondent, through her guardian *ad litem,* brought this action to recover damages from appellants on account of injuries received in an automobile collision. The jury awarded her the sum of $15,805. The appeal is taken from the judgment entered upon the verdict.

At the time of the collision respondent was a student residing within the boundaries of appellant High School District, and attending the high school therein. She was temporarily staying with another pupil upon the day of the accident, at a place some distance from the school, and where transportation was regularly furnished for students from that section. She had used the school bus several days, under

written permission of the high school principal. This bus was owned and operated by defendant Dave Fitzwater, under a written contract with the School District, which obligated said defendant to carry students to and from the school. On December 2, 1929, the bus collided with an automobile driven by defendant Pratt, and respondent suffered the personal injuries for which compensation is sought.

The complaint is based upon the joint negligence of defendants Pratt and Fitzwater, and the School District is sought to be charged with liability under the doctrine of *respondeat superior*. The answer of the district denies that defendant Fitzwater was an employee of the district, and in that behalf alleges that he was a contractor under the contract above mentioned. The said contract is also set up as a special defense. The other defendants filed separate answers, denying their negligence, and each charges the other with contributory negligence.

Appellant Pratt contends that the evidence is insufficient to support the verdict. The other appellants do not raise this question. The collision between the automobile of Pratt and the school bus occurred at a point in the road where the visibility, on account of smoke, was very poor. Pratt states he could only see five feet in advance. There was ample evidence to justify the jury in finding that both drivers were driving at a rate of speed which was excessive under the circumstances. The evidence is sufficient to support the verdict. This appellant also contends that the verdict is excessive. "It is only where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice, or at first blush raises a presumption that it is the result of passion, prejudice or corruption, rather than honest and sober judgment, that a reviewing court is justified in interfering." (*Bond v. United Railroads*, 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].) The evidence shows as a result of the injury, respondent's right shoulder was permanently injured, causing a partial paralysis of her shoulder, arm, neck and face; it shows a loss of nerve supply to the shoulder, causing it to shrink and shrivel, and resulting in an inability to raise the right arm above the shoulder. The nerve supply to the right breast was per-

manently impaired, causing a shrinking thereof. On her neck a very ugly scar was left. Under such circumstances we cannot say, as a matter of law, that the verdict was excessive, nor is there anything in the record which would justify a holding that it was not the result of sober and honest judgment.

The foregoing are the only points raised by appellant Pratt, and there is no merit in either.

As to appellant Fitzwater, his appeal has been combined with that of appellant School District. We shall dispose of those points which are not peculiar to the district. The latter set up the defense that Fitzwater, the driver, was an independent contractor. If that position is correct, it requires no citation of authorities to hold that the driver would be personally liable. On the other hand, if the driver committed the tort as an agent acting under the authority of the principal, he would also be personally liable, for he is primarily responsible because he committed the negligent act, while the principal's responsibility is secondary in the sense that he committed no moral wrong, but under the law is held accountable for his agent's conduct. (1 Cal. Jur., p. 817, sec. 101.) It thus appears that, so far as the liability of the driver is concerned, it is not necessary to decide whether he was an independent contractor or the agent or servant of the School District.

The appellant driver raises the point that respondent was a guest, under section 141¾ of the California Vehicle Act (Stats. 1929, p. 1580), and that the court erred in refusing to instruct the jury upon the question of gross negligence and defining a guest, in the language of the section cited. This section defines a guest as follows: "For the purpose of this section the term 'guest' is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor."

It is contended "that there is no showing whatever of her (respondent's) connection, remote or otherwise, with the School District, or that she or any of her relatives were taxpayers in such district. The law requires that the compensation be given by the passenger herself." The transportation of high school students is provided for in the School Code (adopted in 1929) in the following language:

"1.80. The high school board of any high school district may provide, in such manner, as it deems best, for the transportation to and from high school of such pupils thereof, except pupils living within the limits of any city, as such board may find to be in need of such transportation; and the cost of such transportation shall be deemed a part of the cost of maintaining the high school and paid accordingly; provided, that all contracts or other provisions for such transportation shall, before the same becomes effective, be approved by the superintendent of schools who has jurisdiction over such high school district."

It was stipulated at the trial that the high school here involved was maintained by the taxable property within the Union District. It is undisputed that respondent was a resident of the district, and attending the school at the time of the accident. The question as to the intent of the legislature in defining a guest, under the provisions of the California Vehicle Act, is ably and exhaustively treated by Mr. Justice Barnard in the case of *Crawford* v. *Foster,* 110 Cal. App. 81 [293 Pac. 841, 842]. The court there held that an intended purchaser of an automobile who accepts a ride therein to test its fitness is not the guest of the dealer. The following excerpt is applicable to the question involved here:

"The language used leaves a doubt as to what sort of compensation is intended. Appellants argue that to give compensation implies a transfer, a bestowal, or a parting with something. In effect, their view would define a guest as one who accepts a ride without actually handing over some definite payment therefor. To thus assume that the recompense or compensation contemplated by the act is the payment of a cash fare or its equivalent appears to us to place altogether too narrow a construction upon the words used."

It is admitted here that the driver was compensated for the transportation of respondent, but it is insisted by appellant that such compensation must be paid directly by the student, instead of by the High School District. Otherwise the student is a guest. We are not prepared to place such a narrow construction upon the statute. If the driver is paid to transport a certain class of passengers, then each member of that class is thereby removed from the category

of guest, although actual payment of the fare is not made by the individual passenger. This is particularly true where, as here, the law does not provide for or permit of the payment directly by the student. The veritable flood of ''guest suits'' in California during the past few years doubtless spurred the legislature to action, and hence the enactment. These actions generally arose where generous drivers offered rides to those in need, only to find themselves facing an action for damages. Wives would also sue husbands, and brothers sue sisters. It was such situations as these that called for the legislation. We do not believe, however, that it was ever the intent of the legislature, in a case where the driver received compensation for the passenger, that the latter should be classed as a ''guest'' where the result would be the deprivation of the right to recover upon the ground of ordinary negligence. ■ It is also contended that respondent was not a guest because she was not authorized to ride in the school bus. It is pointed out that the School Code does not authorize the transportation of a pupil *who lives within the limits of any city,* and as respondent was a resident of the town of McArthur, she was not entitled to ride. We are of the opinion that the legislature had in mind the limits of an incorporated city. McArthur is not incorporated under the laws of California. ■ Furthermore, respondent was temporarily residing with a friend at the town of Dana, some miles away from the high school. Upon the day of the accident she was riding from Dana to the school. She was thus a temporary resident of Dana. The statute, in our opinion, authorized the transportation of respondent under these circumstances. We hold, therefore, that according to the undisputed evidence adduced in this case, respondent was not a guest under the provisions of the California Vehicle Act and the trial court was correct in refusing to instruct the jury in the manner requested by appellant.

It is also contended by this appellant that the verdict is excessive. We have already disposed of that question.

■ As to the appeal of the School District reliance is placed upon the alleged error of the trial court in submitting to the jury the question of whether or not appellant Fitzwater was an independent contractor. It is contended that the evidence shows beyond dispute and without contradiction

that the driver was an independent contractor, and hence the district is relieved of liability. The contract between the driver and the district was as follows:

"Buss Contracts

"This agreement made and entered into this 5th day of June, 1929, between the Fall River Joint Union High School through its duly elected and qualified Board of Trustees, and David Fitzwater of Dana, California,

"Witnesseth that the said David Fitzwater has agreed to furnish transportation in buss provided with same as now in use for all High School pupils from August 19, 1929, until the close of the current High School term from Dana via Island School house via Glenburn to McArthur to Fall River Joint Union High School and return. The said High School District is to pay said David Fitzwater the sum of twenty-four hundred and ninety ($2,490) for said transportation. Payments to be made in ten equal payments of $249.00 each to be paid after regular monthly meeting of the Board beginning with September meeting.

"It is understood and agreed that safe and proper transportation shall be provided. The State traffic laws will not be violated and a speed of not to exceed 20 miles per hour will be maintained. Brakes are to be inspected at least every two weeks, fee to be paid by Board of Trustees. Pupils are to be delivered to High School between 8:20 and 8:40 and returned at 3:35 unless the said David Fitzwater is notified of change. That David Fitzwater carry insurance with a company agreeable to Board and sanctioned by A. A. A. Assn., at least $50,000.00.

"Any violations of terms or conditions of this contract by said David Fitzwater shall terminate this contract. The Board of Trustees is to be sole judge. Five days' notice is enough to terminate contract.

"In witness whereof the parties hereto have hereunto set their hands the day and year above written.

"FALL RIVER JOINT UNION HIGH SCHOOL.
"...................., Pres.
"...................., Clerk.
"DAVID FITZWATER.
"Approved: BERTHA MERRILL."

We are of the opinion that under the foregoing contract the jury was justified in finding the driver was the employee

of the district. The primary consideration which leads to this conclusion is the right reserved by the district to terminate the agreement at will.  ██  It is not the actual exercise of control, but the right of control—that is to say, the potential power of control—which is important in a determination of whether or not the status of an employee or independent contractor exists. (*Claremont Country Club* v. *Industrial Acc. Com.*, 174 Cal. 395 [L. R. A. 1918F, 177, [163 Pac. 209].) A circumstance tending to negative the independence of the driver is the right to terminate the employment at any time. (*Brown* v. *Industrial Acc. Com.*, 174 Cal. 457 [63 Pac. 664].) In *New York Indemnity Co.* v. *Industrial Acc. Com.*, 80 Cal. App. 713 [252 Pac. 775, 776], the court said: "Coincident with the right of control is the right of either the employer or the employee to terminate the relation without liability. This is but another way of stating the rule, for the right to immediately discharge involves the right of control."

As was stated in the case of *Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114, 121 [210 Pac. 820, 823] : "One of the means of ascertaining whether or not this right to control exists is the determination of whether or not, if instructions were given, they would have to be obeyed. In the instant case it is undisputed that the Press Publishing Company had the power to hire and the power to discharge its carriers for unsatisfactory service, and in this regard Benefiel was in no better position than the other carriers. *This power of discharge made obligatory any instructions given, for it gave to the Press Publishing Company the power to require obedience to those instructions and insured their being carried out.*"

By retaining the power of discharge the district was virtually in a position to control every act of the driver. The only real test to determine whether a person performing work for another is an independent contractor or a servant is whether or not he, under the arrangement for performing the work, has authoritative control with respect to the manner in which the details are to be performed. (13 Cal. Jur., p. 1319, sec. 7.) The intent of the district to control the acts of the driver is also indicated by the following clause: "Any violation of terms or conditions of this contract by said David Fitzwater shall terminate this contract. *The Board of Trustees is to be sole judge.*"

■ Error is predicated upon the ruling of the court in refusing to admit evidence as to facts surrounding the execution of the contract, the situation of the parties and manner in which it was actually carried out. It is contended by respondent that such matters were not put in issue by the pleadings, and this would appear to be correct. The complaint alleges that Fitzwater was an employee of the district. The answer denies that he was an employee, "but in that behalf alleges that the said Dave Fitzwater was a contractor with the said Fall River Joint Union High School District under a certain contract of transportation. . . . " The defense of "independent contractor" is also pleaded specially. It thus appears that the district stood squarely upon its contract in the matter of proof of the defense of independent contractor. Having taken that position in its answer, it would manifestly be unfair to the plaintiff in the action to permit the defendant to go beyond the contract at the trial, assuming that the proffered evidence was admissible. The situation would be otherwise if defendant had been content to rest upon a bare denial of the allegations. We conclude that the trial court was correct in this ruling. We deem it proper to further state that we have grave doubts as to the sufficiency of the offer of proof made by appellants. ■ When error is predicated upon the rejection of evidence, it must appear that the reason for its admissibility which is urged in the appellate court was also presented to the trial judge. This rule is founded upon a sense of fairness to the trial judge, and is announced clearly in *Estate of Parkinson,* 190 Cal. 475 [213 Pac. 259]. Nowhere, in the instant case, did counsel for appellants state precisely what he offered to prove and the reasons why his evidence would be admissible. It is true the trial judge stated that the questions propounded were objectionable under the parol evidence rule, but it was still incumbent upon appellants to state fully their position, and the reasons therefor.

Other points urged by the district for a reversal have been carefully considered. Some of them have been already disposed of in connection with the appeals of the other defendants, and the remainder are without merit.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1932.