ANTHONY WALKER, appellant, v. CITY OF CEDAR RAPIDS, appellee.

No. 49968.

(Reported in 103 N.W.2d 727)

JUNE 14, 1960.

Frederick G. White, of Waterloo, for appellant.

David McGuire, City Attorney, and William R. Eads, Assistant City Attorney, of Cedar Rapids, for appellee.

PETERSON, J.—On July 18, 1957, City of Cedar Rapids entered into a contract with Hennessey Brothers Construction Company, Inc., for the construction of a sanitary sewer in a section of Cedar Rapids described in the contract. Plaintiff was a workman for the contractor on the construction of the sewer and on August 13, 1957, was working at the bottom of a ditch ten feet deep on Waveland Drive. Dirt had been removed to dig the ditch and was piled on top, in close proximity to the ditch. Plaintiff was engaged in caulking pipe, when the sides of the ditch and the dirt caved in, falling on plaintiff and another workman and burying both of them under about ten feet of dirt. It was thirty-eight minutes before the workmen were able to reach plaintiff and remove him to a hospital. He was seriously injured. Some of the injuries are permanent in nature. He sued defendant for $75,000.

In Count I of the petition plaintiff alleged negligence on the part of defendant in failing to shore, brace and sheet-pile the sides of the ditch, and to warn plaintiff of the danger, and

in failing to require the contractor to brace the sides in accordance with the contract. In Count II plaintiff alleged that defendant was guilty of negligence and relied upon the doctrine of res ipsa loquitur.

Defendant filed motion to strike paragraph 9 of Count I, and paragraph 2 of Count II. These are the paragraphs alleging details as to negligence in Count I, and res ipsa loquitur in Count II. The trial court sustained the motion. This procedure disposed of the case in favor of defendant.

Plaintiff filed application for permission to appeal from the order sustaining the motion in accordance with rule 334, Rules of Civil Procedure. The application was granted. Plaintiff has appealed.

Seven brief points, in the nature of assignments of error, have been presented by appellant. They can be considered in three categories. First—the trial court failed to rule separately upon the grounds in the motion to strike, and for more specific statement, in accordance with rule 118. Second—in sustaining the motion the court failed to consider appellant's allegations as to negligence against defendant in following respects: failure to brace the sides of the ditch; failure to warn defendant of danger; failure of defendant's inspectors to require shoring, bracing or sheet piling of the sides of the ditch according to contract; failure to give attention to the doctrine of res ipsa loquitur. Third—the court erred in holding the doctrine of governmental immunity was effective as against plaintiff.

I. Appellant contends the trial court erred in not following rule 118 in its order sustaining defendant's motion.

Rule 118, R. C. P., is as follows: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

The motion consisted of five paragraphs. Paragraphs 4 and 5 pertained only to motion for more specific statement. This would be in the alternative in case plaintiff decided to plead over. On the basis of deciding to stand on the motion this part of the motion would not be effective.

Paragraphs 1, 2 and 3 pertained to the paragraphs in the petition concerning negligence. Defendants raised a question

as to governmental immunity; the fact that res ipsa loquitur does not apply; and no negligence was pleaded which constituted a breach of any duty or obligation owing from defendant to plaintiff.

The ruling of the trial court was: "It is ordered that said motion is sustained as to each paragraph thereof."

All paragraphs of the motion to strike pertained to the allegations of plaintiff in his petition concerning immunity and negligence. A division of the ruling into three parts stating three times that the paragraphs should be stricken would have been repetitious. At any rate the form of ruling by the court was not prejudicial, and is not reversible error.

II. We will consider briefly the question of negligence of defendant in connection with plaintiff's injury. Our reason for brief consideration is that our holding in Division III is decisive of the case, but both parties ably and at length considered the question, so we will give it attention.

Some allegations need only mention. Under all of the circumstances of the case, there is no merit in the following allegations: primary negligence of defendant for not shoring, bracing or sheet piling the sides of the ditch; negligence in not placing warning signs; res ipsa loquitur.

There is a closer question as to the effect of paragraphs 47, 48 and 75 of the contract as between the City and the contractor. They are as follows:

"47. SUPERVISION AND INSPECTION. The Commissioner and the Engineer shall have supervision of the construction provided for in this contract. Materials and construction work shall at all times be subject to inspection by the Engineer or his representatives, and the contractor be held strictly to the true intent of these specifications as regards quality of materials, workmanship, and the diligent prosecution of the work.

"48. DUTIES OF INSPECTORS. Inspection will extend to all parts of the work and to the preparation or manufacture of the materials to be used. The inspectors will not be authorized to modify in any way the provisions of these specifications, nor to delay the work by failure to examine materials and construction with reasonable promptness. An inspector is placed on the

work to keep the Engineer informed of the rate of progress and the manner in which the work is being done, and to call to the attention of the contractor any infraction of the provisions of the plans or specifications. The inspector will have authority to reject defective material and to suspend work that he thinks is being improperly done, subject to the final decision of the Engineer.

"75. The sides of the trench shall be properly and securely supported by shoring, bracing, sheet-piling or otherwise, whenever there is danger to the workmen, or to the completed sewer or work, from caving or sliding earth."

Having entered into a contract providing for protection of the workmen, and for inspection by the City, was there any assumption of liability by the City?

The general trend of decisions is contrary to liability.

In 61 A. L. R.2d 887, we find: "There is authority to the effect that negligence on the part of a contractor or his servant does not render the municipality liable for resulting damages."

See also Teeters v. City of Des Moines, 173 Iowa 473, 154 N.W. 317, Ann. Cas. 1918C 659; Annotation, 61 A. L. R.2d 887; Gerber v. Kansas City, 304 Mo. 157, 263 S.W. 432; Coley v. Cohen, 290 N. Y. 739, 49 N.E.2d 1007; Uppington v. New York, 165 N. Y. 222, 59 N.E. 91, 53 L. R. A. 550; Foster v. City of Chicago, 197 Ill. 264, 64 N.E. 322.

Foster v. City of Chicago is analogous to the case at bar. It was cited, approved and quoted from in Teeters v. City of Des Moines, supra. We reaffirm such approval. The facts were that an employee of the contractor lost his life in the installation of a sewer system by the caving in of the side of the excavation.

The contract provided as in this case: " 'The sides of the trenches are to be effectually supported with suitable planks and timbers by the contractor, without expense to the city.' " It also provided " 'and the contractor agrees to perform all of said work under the immediate direction and superintendence of the commissioner of public works of the city of Chicago, and to his entire satisfaction, approval and acceptance.' " The court said: " 'The contract does not include the direction, management and

control by the city of every detail of the work. The contractor was not required to take his orders, day by day, from the city. He was to be guided by the contract, and the specifications constituting a part thereof. He was not a mere servant and employee. He was an independent contractor; the city retaining such supervisory power as it might, from time to time, find it necessary to exercise to insure compliance with the contract and to obtain the result called for thereby. The contractor employed and paid his own laborers. The deceased was his employee. The difference between an independent contractor and a mere servant is not determined solely by the retention of a certain kind or degree of supervision by the employer. It is to be determined by the contract as a whole—by its spirit and essence—and not by the phraseology of a single sentence or paragraph. Being a contractor and not a mere servant of the city, the latter cannot be held liable for his negligence in the performance of his work.' " (Pages 482 and 483 of 173 Iowa)

▪ 63 C. J. S., Municipal Corporations, section 766(d2), page 61, states: "Reservation of the right to supervise and inspect for the purpose of seeing that the work conforms to contract specifications does not make the municipality liable for the contractor's negligence."

Appellant contends because the contract provided the right to inspect the sewer installation, it assumed the responsibility of policing the contractor's work. This is where appellant falls into error. For example, if the contractor removes all the dirt which caved into the ditch and properly places the sewer pipe at the bottom of the ditch, and the inspectors so find, the contract has been performed according to its terms. It is the proper finished product that defendant requires, and when the inspectors so find their duty is performed.

III. The primary question is whether or not defendant is entitled to governmental immunity.

This question has been under consideration and discussion in many cases and in many jurisdictions. Sometimes the line of demarcation between governmental functions and proprietary functions of a municipality is not too clear. Both parties have

cited in their briefs our three recent cases pertaining to the liability of a city. Florey v. City of Burlington, 247 Iowa 316, 73 N.W.2d 770; Hall v. Town of Keota, 248 Iowa 131, 79 N.W.2d 784; and McGrath Building Co. v. City of Bettendorf, 248 Iowa 1386, 85 N.W.2d 616, 68 A. L. R.2d 1429.

As to the fundamental basis of liability of a city or town these cases are not similar to, nor precedent for, the case at bar. The Hall and McGrath cases pertain to the liability of a city as to the maintenance of its streets, under the specific statutory provision contained in section 389.12, 1958 Code of Iowa: "They [cities and towns] shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances." We held the Florey case was also covered by this statute.

This specific statutory provision supersedes any theory of governmental immunity. However, all three cases mentioned the theory. In the McGrath case appellant urged either the overruling or at least the relaxation of the doctrine, which we refused to do. As to governmental immunity we said in the Florey case:

"Defendant first cites numerous cases to the proposition that: * * * they [cities] enjoy so-called 'governmental immunity.' Most of these cases relate to negligence of municipal agencies and employees in various activities—enforcement of sanitary regulations by the board of health * * *. These and many other cases make clear that Iowa courts do not reject the doctrine entirely. * * * The municipal corporation is not liable for negligent acts of its employees engaged in performing governmental functions. * * *." (Page 319 of 247 Iowa)

In the Hall case: "The question of the extent of governmental immunity from liability for torts is a difficult one. That it has perplexed this court for many years is apparent from a study of the many decisions found in our reports, some of which seem to support the contentions of the appellant, and some those of the appellees. The briefs filed herein by the able counsel for the respective parties are replete with cases in which we have announced the rule that a city or town may not be held to re-

spond in damages for injuries inflicted while it is performing a purely governmental function; * * *." (Page 135 of 248 Iowa)

In the McGrath Bldg. Co. case: "The defendant's sixth affirmative defense, * * * alleged the nonliability of the city for the negligent acts of its employees, agents, servants or officers while engaged in performing governmental functions. * * * We think the defense well pleaded and that it asserts an established principle of law; that is, that the city, although responsible for the manner in which it maintains its streets so as to keep them reasonably safe and free from nuisance, is not liable for the acts of its servants or agents in performing that duty. * * * The municipality is entitled to plead its nonliability for these acts or failures to act of its employees." (Page 1391 of 248 Iowa)

We have no similar specific statutory liability of cities and towns with reference to sewer projects. The authority as to sewers is contained in section 391.11 as follows: "Cities shall have the power to construct and repair sewers and catch basins in any street within their limits. * * *."

■ The weight of authority is that a city or town is entitled to governmental immunity as to installation of sanitary sewers. Sewers pertain to public health. It is as much a function of a city or town to preserve the health of its citizens as it is to maintain a fire department or a police department. Teeters v. City of Des Moines, supra; 63 C. J. S., Municipal Corporations, section 766(d2); 38 Am. Jur., Municipal Corporations, section 633(5); 61 A. L. R.2d 882, and cases cited; Foster v. City of Chicago, supra; Hutchinson v. City of Lakewood, 125 Ohio St. 100, 180 N.E. 643; Sinclair Pipe Line Co. v. Lipscomb, Tex. Civ. App., 308 S.W.2d 584; Fawbush v. Louisville & Jefferson County Metropolitan Sewer Dist., Ky., 240 S.W.2d 622; Beck v. Boh Bros. Constr. Co., La. App., 72 So.2d 765.

Teeters v. City of Des Moines, supra, involved a resolution of the city council instructing the Board of Supervisors to improve a certain road from a county road fund over which the city had some supervision. Plaintiff was injured when the dirt

gave way under the wheels of his wagon and overturned it. Motion for directed verdict was sustained and this court affirmed. As a general statement we said at page 475 of 173 Iowa, page 318 of 154 N.W.: "* * * that all the defendant did was in the exercise of its governmental powers, for the negligent exercise of which defendant is not liable, because the resolution of the city council directing the board of supervisors to improve Beaver Avenue and to expend the revenues of the county road fund was the exercise of purely governmental powers; * * * because the evidence shows that the work upon which plaintiff was engaged was being performed by an independent governmental agency over which defendant had no control and for whose negligence the city is not responsible; * * *."

Hutchinson v. City of Lakewood, supra, involved an action against the city for damages to a house caused by blasting during the course of the construction of a sewer, under a contract with a construction company. 61 A. L. R.2d 882 summarized excerpts from the decision as follows: "* * * it is generally conceded that the exercise of the police power constitutes a governmental function of a municipality; that the preservation of the health, safety, and welfare of the dwellers in urban centers of population constitutes a part of the police power; that it is in the exercise of this function that municipalities are usually given power to regulate and abate nuisances, * * * that the function of regulation of public drainage arises from the police power, and certainly the power to construct public sewers constitutes a part of the police power, for such sewers are established for the express purpose of preserving the public health; and that, this being the case, the function is purely governmental, and hence it follows that in the construction of municipal sewers municipal officers act in their governmental capacity, and the municipality cannot be held liable for injuries resulting from their negligence."

Sinclair Pipe Line Co. v. Lipscomb, supra, is an action for damages against the drainage district occurring when the bulldozer of the contractor employed by the district to clean out drainage ditches struck plaintiff's pipe line as a result of its driver's negligence. The court said at page 586 of 308 S.W.2d:

"a drainage district is a governmental body and is not liable for the actions of its agents or employees in the performance of governmental functions."

Fawbush v. Louisville & Jefferson County Metropolitan Sewer Dist., supra, was an action to recover for injuries sustained by an employee because of the alleged negligence of a sewer district in operation of a crane by one of its servants. 61 A. L. R.2d 884 summarized the conclusion of the court as follows: "* * * recovery was denied, in view of one statute establishing the sewer district in the interest of public health and for the purpose of providing adequate sewer and drainage facilities, * * * that the district was performing a governmental function in the exercise of the powers conferred upon it * * *."

Beck v. Boh Bros. Constr. Co., supra, was an action for damages, in which the city was a party, because of vibration resulting from the driving of piles and the operation of a concrete mixer by the construction company. The court said (page 767 of 72 So.2d) "that the operations of the Sewerage & Water Board * * * are purely governmental and not in any sense proprietary."

38 Am. Jur., Municipal Corporations, section 633(5), pages 334, 335, said:

"It is generally held that the establishment of sewers and drains is a governmental function * * *. Where general laws place the duty of constructing drains and sewers on municipal officers, in the performance of such duty they act as public officers and not as agents of the municipality, and the municipality cannot be held liable for injuries resulting from their negligence."

See annotations on "Municipal Liability and Immunity" in 60 A. L. R.2d 1200, which states: "* * * the rule of municipal immunity * * * continues to be applied by the overwhelming majority of the courts in this country, and although judicial criticism of the rule is not infrequent and it has been said that the tendency is to restrict rather than to extend the principle of immunity, the courts have usually concluded that the doctrine is so well intrenched that relief against it must come, if at all, from the legislatures."

■ The ruling of the trial court is sustained, and the case is affirmed.—Affirmed.

All JUSTICES concur except OLIVER, J., not sitting, and THORNTON, J., who takes no part.