HOWARD ELKIN, appellant, v. ALBERT JOHNSON, appellee.

No. 52395.

(Reported in 148 N.W.2d 442)

FEBRUARY 7, 1967.

48

Welty & Wilcke, of Spirit Lake, and Wunschel & Schechtman, of Carroll, for appellant.

Cornwall, Cornwall & Avery, of Spencer, for appellee.

MOORE, J.—This is a law action for damages resulting from plaintiff being attacked by defendant's bull. Plaintiff has appealed from judgment on a jury verdict against him. We affirm.

Plaintiff asserts the trial court erred in (1) permitting defense counsel to propound questions on voir dire examination of jurors in relation to negligence, proximate cause and contributory negligence, (2) permitting testimony of a partition fence condition several days after his injury, (3) admitting certain photographs, (4) submitting the question of contributory negligence to the jury and (5) overruling plaintiff's motion for new trial.

Plaintiff's petition, filed March 12, 1965, alleged he resided on and operated a certain farm in Clay County which abutted the farm operated by defendant, he was attacked and seriously injured October 30, 1964, on his own land by defendant's bull and he was free from contributory negligence. He further alleged defendant knew the dangerous and vicious propensities of the bull but negligently failed to maintain his part of the partition fence and negligently failed to restrain the animal.

Defendant's answer, filed March 22, 1965, denied generally plaintiff's allegations and alleged his cattle went upon plaintiff's land due to plaintiff's negligence in failing to properly maintain his part of the partition fence and his bull had never shown any dangerous and vicious demeanor. Defendant specifically pleaded plaintiff was guilty of contributory negligence which was a proximate cause of his injury and damages.

Upon trial, which commenced October 4, 1965, the evidence was in sharp dispute on all issues except damages. The cause was submitted to the jury on plaintiff's allegations except the burden of proving contributory negligence was put on defendant as pleaded in his answer. Neither party on this appeal attacks the instructions given.

Following a jury verdict for defendant, judgment thereon and denial of his motion for new trial, plaintiff has appealed. Our review is restricted to plaintiff's assigned errors. Rule 344, Rules of Civil Procedure; Associates Discount Corp. v. Held, 255 Iowa 680, 683, 684, 123 N.W.2d 869, 871, and citations.

I. Voir dire examination of jurors was not reported. No bill of exceptions was filed. The only reference in the printed record is a statement by plaintiff's attorney that during voir dire examination defendant's attorney had propounded interrogatories in relation to negligence, proximate cause, damages and contributory negligence and that he took exceptions to such interrogatories. He objected on the ground an attempt was being made to commit the jurors to certain particular aspects of the case and that defendant had the burden of proving contributory negligence. Plaintiff asked defendant's counsel be admonished not to have the jurors commit themselves as to what instructions they would follow.

In resistance defendant's counsel stated he had propounded questions as to various concepts of negligence, proximate cause, contributory negligence and damages but that he had only asked the jurors if the court instructed in a certain fashion if they would follow the instructions. He also stressed plaintiff had pleaded freedom from contributory negligence.

No ruling or action by the trial court is shown. With such a scant record it is difficult to rule on plaintiff's first assigned error.

■ The proper way to make a record of an attorney's conduct during trial which is not reported and certified is by a bill of exceptions or a finding of the trial court settling a dispute as to the facts on which the charge is made. Connelly v. Nolte, 237 Iowa 114, 127, 128, 21 N.W.2d 311, 318, and citations. The record before us as settled by the trial court contains only general statements and is of little value as bearing on the question of whether the trial court abused his discretion in allowing questions on voir dire examination of the jurors.

■ Litigants have the right to examine prospective jurors on voir dire in order to enable them to select a jury composed of persons qualified and competent to judge and determine the

50

facts in issue without bias, prejudice or partiality. 50 C. J. S., Juries, section 275b; 31 Am. Jur., Jury, section 136.

█ The extent of such examination cannot be governed by fixed rules, but is subject to the sound discretion of the trial court, the exercise of which we will not interfere with unless abuse is shown. Raines v. Wilson, 213 Iowa 1251, 1253, 239 N.W. 36, 37; Holub v. Fitzgerald, 214 Iowa 857, 859, 243 N.W. 575, 576; Hawkins v. Burton, 225 Iowa 707, 714, 281 N.W. 342, 346; State v. Dalton, 254 Iowa 96, 99, 100, 116 N.W.2d 451, 453; Mead v. Scott, 256 Iowa 1285, 1293, 130 N.W.2d 641, 645. See also 50 C. J. S., Juries, section 275a; 31 Am. Jur., Jury, section 139.

█ The record fails to disclose any abuse of the sound discretion vested in the trial court. Plaintiff's first assigned error is not tenable.

II. Plaintiff's second and third assigned errors are taken together. Both relate to admissibility of evidence of the partition fence condition through which defendant's cattle, including the bull, went from defendant's pasture to plaintiff's land.

The partition fence between defendant's pasture and plaintiff's pasture and grove runs north and south. Admittedly it was defendant's responsibility to maintain the south half and plaintiff's responsibility to maintain the north half. The Little Sioux River runs across the partition fence at right angles near the north end thereof.

During 1964 defendant's cattle had not gone through the partition fence until the forepart of October. They did so several times during that month and while attempting to drive them off his land on October 30, 1964, plaintiff was struck and injured by defendant's Black Angus bull. He had driven defendant's cattle, including the bull, off his land on prior occasions. Plaintiff testified the bull had previously shown viciousness but he did not see the animal on October 30 until after he was struck.

The evidence was in sharp dispute regarding the condition of each half of the partition fence. Plaintiff and his wife testified defendant's half was in disrepair. Defendant and other witnesses testified plaintiff's half, particularly where the river

crossed, was down and described cattle tracks at that point.

Two fence viewers were called by defendant and over plaintiff's objection described defendant's fence as they observed it on November 16, 1964. Plaintiff contends the testimony was immaterial and irrelevant because of remoteness.

Exhibits 7 and 8 are photographs of part of defendant's half of the fence and were taken in the spring of 1964. Plaintiff argues his objections to them as immaterial and irrelevant because of remoteness should have been sustained.

Defendant, however, points out testimony his fence was observed by him at least once a week, other witnesses saw it during the summer and that its only change was one broken strand of barbed wire between two steel posts. It was in the second strand of the fence which had five strands. It was repaired on November 6, 1964. The jury could have found from the evidence defendant's fence remained in the same condition between the spring of 1964 and November 16, except the one broken strand which was observed in October and repaired on November 6.

In reference to exhibits 7 and 8 defendant's landlord on cross-examination testified:

"Q. You are not saying that these are the pictures of the fence as it was in October 30 of 1964 completely along? A. Yes, it is the same fence."

The fence viewers' testimony describes the fence substantially the same as it is shown in exhibits 7 and 8.

 In our recent cases, Englund v. Younker Brothers, Inc., 259 Iowa 48, 53, 142 N.W.2d 530, and Davidson v. Cooney, 259 Iowa 1278, 147 N.W.2d 819, we discuss the legal principles here involved and they need not be repeated except this from 20 Am. Jur., Evidence, section 731, page 611, "The time at which a photograph offered in evidence was taken is important only with reference to the question of probability of change in condition of the person or object portrayed. * * * The mere fact, however, that photographs were taken at a time different from that in question does not render them inadmissible if witnesses are able to verify them as substantial representations of the conditions as they existed at the time in question. * * *

Photographs of the scene of an accident taken at or near the time are not always obtainable, and the only practical rule would seem to be that the changes must not be such as to destroy the substantial identity and that changes, whatever they may be, should be carefully pointed out and brought to the jury's attention."

■■ The evidence brings exhibits 7 and 8 well within the rule. The testimony of the witnesses of what they saw on November 16 is consistent with what is shown in the photographs. We find no merit in plaintiff's second and third assigned errors.

III. During the trial plaintiff amended his petition by striking his allegation of freedom from contributory negligence. The trial court submitted the question of contributory negligence by putting the burden of proof on defendant and required proof that it was a proximate cause. Apparently the trial court applied the provisions of chapter 430, section 1, Acts of the Sixty-first General Assembly, now section 619.17, Code 1966. Neither party argues this was error and we need not discuss its applicability to this case. The applicability of the statute, however, is considered in Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434.

■ Plaintiff contends the question of contributory negligence should not have been submitted to the jury under the record. We do not agree.

Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law. Rule 344(f)(10), Rules of Civil Procedure.

The jury could have found from the evidence plaintiff negligently failed to maintain his half of the partition fence; he knew the bull moved with the cattle, its propensities and that he negligently failed to see the animal before the attack and his injury. By prior experience with this bull plaintiff was aware it might attack him.

Plaintiff had been a farmer for many years. In Meester v. Roose, 259 Iowa 357, 360, 144 N.W.2d 274, 276, we say: "Useful and even necessary as he may be, there are few if any members

of the domesticated animal kingdom more unpredictably vicious, mean and treacherous than a bull." (Citations)

IV. Plaintiff's remaining assignment of error is the trial court erred in overruling his motion for new trial. He claims an abuse of discretion by the trial court but fails to be specific in any regard. No attempt is made to pinpoint any proposition entitling plaintiff to a new trial under this assignment.

Rule 344(a)(3), Rules of Civil Procedure, requires that the "errors * * * shall be separately stated and numbered". Such a general assignment as made by plaintiff does not comply with the rule. Young v. Marlas, 243 Iowa 367, 370, 51 N.W.2d 443, 445.

An assignment that the court erred in denying a motion for new trial is too general to be available. Pierce v. Wilke, 165 Iowa 386, 390, 145 N.W. 908, 909; Harrington v. Southern Surety Co., 206 Iowa 925, 931, 221 N.W. 577, 579; Hawkins v. Burton, 225 Iowa 707, 711, 281 N.W. 342, 344; Price v. McNeill, 237 Iowa 1120, 1122, 24 N.W.2d 464, 465.

We have considered all assignments of error properly raised and find they are without support in the record.—Affirmed.

All JUSTICES concur.